(63 South. 246.)

No. 19,311.

MARR v. KANE.

(June 30, 1913.  Rehearing Denied Oct. 20, 1913.)

(Syllabus by Editorial Staff.)

1. TAXATION (§ 788*)—TAX SALE—PRESUMP-
TION.

Under Const. art. 233, providing that tax sales shall be prima facie valid, taxes in satisfaction of which tax sales are made will be presumed not to have been paid.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1555, 1557, 1559–1569; Dec. Dig. § 788.*]

2. TAXATION (§ 789*)—TAX DEED—PRESUMP-
TION OF VALIDITY—EVIDENCE TO OVERCOME
—SUFFICIENCY.

Evidence, in a vendor's action to compel the purchaser to accept title, held insufficient to overcome the presumption of nonpayment of taxes raised by the tax deed under which plaintiff held.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1556–1569; Dec. Dig. § 789.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by R. H. Marr against F. Kane. From judgment for defendant, plaintiff appeals. Reversed and rendered.

Wm. Winans Wall, of New Orleans, for appellant. John Wagner, of New Orleans, for appellee.

PROVOSTY, J. Plaintiff sues to compel defendant to accept title, as agreed, to the property described in the petition and in a notarial act of sale annexed to the petition, and which was tendered to defendant for acceptance.

Defendant admits that he agreed to buy the property, but says that he cannot safely accept the title tendered him, as it is suggestive of litigation, it having been acquired by the state at a tax sale made in supposed satisfaction of taxes which had already been paid, and it having been transferred to plaintiff's vendor by the State Auditor without authority.

It is also said that plaintiff has failed to tender a certificate of mortgages. But that part of the answer has not been insisted on in the brief.

While such a thing is possible as that property upon which the taxes have been paid should nevertheless be sold for taxes, such a thing is extremely improbable, except in cases of double assessment, which is not suggested in the present case.

[1] The Constitution (article 233) declares that tax sales shall be held to be prima facie valid. This is the equivalent of declaring that the taxes in satisfaction of which tax sales are made shall be held prima facie not to have been paid.

[2] For overcoming the prima facie case thus made out by the tax deed under which plaintiff holds, the defendant relies exclusively upon the following entry which appears opposite the assessment of this property upon the tax rolls of 1881, 1882, and 1883—the years for the unpaid taxes of which the said tax sale was made—to wit:

"Paid.  Canceled by Auditor's deed 534, April 28, 1898, Act 80 of 1888, years 1881 to 1897, Inc."

Counsel for defendant says in his brief:

"Your honors will notice from the records the position of the cancellations, the word 'Paid' is written immediately after the assessment, and the cancellation by the Auditor's deed to Wall is written afterward, clearly showing that the word 'Paid' was there when the deed was issued."

To our mind the inference is just the other way. And that inference is confirmed by the fact that among the items for which the Auditor in his deed gives receipt to Wall, as

going to make up the price which he paid for the property, is the following:

"Amount taxes due the state for years 1881 to 1897, inclusive, $106.17."

This recital of the deed, when read in connection with the entry on the tax roll opposite the word "Paid" (to the effect that the taxes were canceled on the roll by said Auditor's deed) would go to show, with practical certainty, we think, that the payment of the said taxes was by means of the sale to Wall, and not otherwise. Added to this is the testimony of Mr. Wall that in the latter part of 1897, when he was contemplating the purchase of this property from the state, he examined the rolls, and that at that time the word "Paid" opposite these taxes on the rolls was not there.

The tax sale having been valid, and the tax debtors or former owners thereby divested of all interest in the property, it can be no concern of theirs, and none therefore of plaintiff's, whether the State Auditor was acting with or without authority in making the sale to Wall. This disposes of defendant's other objection to the title.

Nothing shows that plaintiff has had the use of the $220 deposited with his agent by defendant to bind the sale; hence he is entitled to legal interest on same.

The judgment appealed from is therefore set aside, and it is now ordered, adjudged, and decreed that the plaintiff have judgment ordering the defendant to accept the deed of sale tendered to him, of which a copy is annexed to the petition in this case, and that in default of such acceptance or with compliance with the stipulations of said deed, when tendered, that the plaintiff have judgment executory against defendant for the sum of $2,200, the price of said sale, with legal interest on $550, the cash part of the price, and 6 per cent. interest, as agreed, on $1,650, the credit part, from February 3, 1911, the date at which the deed was tendered to defendant for acceptance, and for the costs of this suit, subject to the obligation of delivery upon demand to the defendant of the deed of sale, of which a copy is annexed to the petition.