LAND,' J.
This is a suit under Act 38 of 1908 to establish title to the following land, *445 not in the actual physical possession of either party, situated in Franklin parish, Louisiana. The property in dispute is described as the N. E. 14 and S. % of- section 3, township 12, range 9, and S. E. 14 of N. E. % of section 4, township 12, range 9. •
[1] Act 38 of 1908 was intended as a particular form of action to adjudicate titles to real estate, where neither of the claimants is in actual possession of the land. In such action the judge is called upon to decide which of the claimants is the owner of the land in dispute.
Plaintiffs claim this land by inheritance from their father and grandfather, Jabish Griffing, and, in the alternative, they claim one-half of this land by inheritance from their mother and grandmother, the first wife of Jabish Griffing.
Jabish Griffing married his first wife, Marian Harris on, in 1837. Pie bought the land in controversy from the United States in 1844 and 1847.
Marian Harrison died in 1849. There were six children born of this marriage. At the date of the filing of this suit, October 3,1917, all of these children were dead, except Mrs. Sue Harris, a daughter of Jabish Griffing, and three children of Jabe N. D. Griffing, a deceased son of Jabish Griffing. The surviving daughter and these grandchildren are the sole heirs of Jabish Griffing and Marian Harrison, and are the plaintiffs in this suit. The property in dispute is community property.
Jabish Griffing married again in 1859; his second wife being Mary Poindexter. No children were born of this marriage.
Plaintiffs rely upon the patents issued to Jabish Griffing by the United States in 1844 and 1847, as their muniment of title. - Defendant claims this land by mesne conveyances from Jabish Griffing, and also by mesne conveyances from a tax sale to the state of Louisiana in the year 1876.
In the year 1867, after his second marriage, Jabish Griffing made a dation en paiement, by authentic act, of all of the property involved in this suit, to the Union Bank of Louisiana.
In 1876, the tax collector of Franklin parish adjudicated to the state, under Act 47 of 1873, the S. Va and N. E. % of section 3, township 12, range 9, “the same having been seized for the payment of taxes due by the Union Bank of Louisiana as owner thereof according to the tableau and_ assessment rolls for the year one thousand eight hundred„and seventy^ive.”
Plaintiffs allege that:
“The whole title of the defendant, Charles P. Taft, is based upon the forfeiture to the state of Louisiana by the tax collector of the parish of Franklin, pretending to be acting under Act 47 of 1873, and for the taxes of 1872, 1873, 1874, and 1875”
—and that said forfeiture to the state is absolutely null and void, and without any legal effect for the following causes and reasons, to wit:
“(A) That the assessment of said property was not in the name of the record owner of said property, as shown by the records of the parish of Franklin.”
[2] The plaintiffs do not allege that Jabish Griffing was in possession of this property as owner at the time of these assessments. The title and possession of this property had passed by the authentic act of dation en paiement, executed by Jabish Griffing, to the Union Bank of Louisiana in the year 1867. Plaintiffs established the fact that Jabish Griffing lived in the parish of Franklin in 1872, 1873, 1874, and 1875, and died there in 1882; but the testimony in the record fails to disclose that he resided upon this property. This alleged defect, if any, was cured by the prescription of three years under article 233 of the Constitution of 1898, pleaded by defendant. Winn Parish Bank v. White Sulphur Lumber Co., Limited, 133 La. 282, 62 South. 907.
*447 “(B) That no public notice was ever given, either to Jabish Griffing and your petitioners, who were the record owners of said property, or to the Union Bank of Louisiana, as required by Act 47 of 1873.
“(0) That no written or printed notice was given to the owners or agent of the lands, their father and themselves being the owners of said lands, to pay this tax, as required by Act 47 of 1873; also that no legal notice was legally given to the Union Bank of Louisiana as required by said act.”
[3-5] The tax deed in this case is prima facie evidence of a valid tax sale. Plaintiffs have produced no evidence to show that such notices were not given. While the plaintiffs assert that Jabish Griffing was the owner of this property during these years, they have filed in the record no title to him from the Union Bank, nor, from any subsequent owner, to prove this assertion. The mere assessment to Jabish Griffing of this property during the years 1872, 1873, 1874, and 1875 did not constitute him the owner per se. ' He was not the record owner, as far as the proof shows, and therefore he was not the delinquent tax debtor to whom notice was due. The property was assessed in the name of the Union Bank of Louisiana, the record owner, during these years, and it was properly assessed to said bank. Moreover, it is immaterial (for the purposes of prescription under article 233 of the Constitution of 1898) whether the assessment has been made in the name of one person, or another, or in no name, or whether the ownef, not in possession, has been notified, or whether the sale has been advertised or has not been advertised. Weber’s Heirs v. Martinez, 125 La. 606, 667, 51 South. 679; Canter v. Williams, 107 La. 77, 31 South. 627; Crillen v. N. O. Terminal Co., 117 La. 349, 41 South. 645; Little River Lumber Co. v. Thompson, 118 La. 284, 42 South. 938; Terry v. Heisen, 115 La. 1080, 40 South. 461; Landry , v. McWilliams, 135 La. 659, 66 South. 875.
[6] Plaintiffs have alleged numerous other grounds of nullity of the adjudication to the state in 1876; that no legal seizure wds ever made of said property; that there has never been recorded in the mortgage records of the parish of Franklin a description of the property described herein, with amounts due, as required by Act 47 of 1873; that there was not recorded in the office of the State Auditor a description of said property and the amount of taxes due on said property, as required by law. Counsel for plaintiffs has confused the requirements of Act 42 of 1871 with those of Act 47 of 1873, under which this property was adjudicated to the state.
Section 8 of Act 47 of 1873 requires only the name and the amount of the tax to be stated in the delinquent lists to be recorded in the mortgage book, and this was done in this case. This constituted a valid seizure of this property under said act for the delinquent taxes then due.
[7] Plaintiffs allege that said title to said lands was never confirmed by the State Auditor, as required by section 9 of Act 47 of 1873. Plaintiffs have offered no proof to establish this fact, and the tax deed, duly recorded, is prima facie evidence of its validity.
[8] Plaintiffs complain that said tax sale was null and void for the reason that the property was sold for the taxes of 1872, 1873, 1874, and 1875, when the taxes were prescribed, and when the tax collector was without legal right or warrant to sell .said property for back taxes beyond two years.
In the case of Board of Commissioners v. Concordia Land & Timber Co., 141 La. 264, 74 South. 927, this court said:
“The invalidity resulting from the inclusion of an amount for taxes that were not assessed, with the taxes that were assessed and for which the sale could be legally made, was nothing more than if the tax collector had, by some other mistake, augmented the amount of the taxes that were assessed.”
It might be argued with much force to a constitutional convention that a sale of property for taxes that have been paid is no bet *449 ter than a sale for taxes that have not been assessed, or that the owner of the property does not, for any other reason, owe. But we have this reason for recognizing a distinction between a sale for taxes that have been, even in part paid, and a sale for taxes a portion of which have not been assessed, or are not due for some other reason: That the Constitution of this state provides that no sale of property for taxes shall be set aside for any cause, except on proof of dual assessment, or of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption has expired, and within three years from the date of recordation of the tax deed, if no notice is given.
Plaintiffs do not set up a dual assessment, or that the taxes for which the property had been sold to the state were paid, and they cannot be heard to urge other exceptions. Quaker Realty Co. v. Purcell, 134 La. 1024, 1025, 64 South. 894 ; Slattery v. Heilperin and Leonard, 110 La. 86, 34 South. 139 ; In re Quaker Realty Co., Ltd., 127 La. 208, 53 South. 526 ; Cordill v. Quaker Realty Co., Ltd., 130 La. 933, 58 South. 819 ; Quaker Realty Co., Ltd., v. Purcell, 131 La. 496, 59 South. 915 ; Leader Realty Co. v. Lakeview Land Co., 133 La. 646, 63 South. 253.
We, therefore, conclude that the adjudication to the state of this property in 1876 was legal and valid, and therefore divested Jabish Griffing of all right, title, and interest in and to this property, except as to the S. B. *4 of i;he N. E. % of section 4, township 12, range 9, which was not included in this adjudication, but which was included in the dation en paiement made by Griffing to the Union Bank in 1867, and which plaintiffs, as far as this record shows, have never regained by title of any kind since that date. The S. E. % of the N. E. % of section 4, township 12, range 9, however, is embraced in deed from Fifth Louisiana Levee Board to the North Louisiana Land Company in 1898, one of the authors in one of the chains of title of the defendant. The North Louisiana Land Company also acquired another title to the land in controversy; L.Lemle sold it to Block, Lowenburg, and Ullman in 1882; Block, Lowenburg, and Ullman sold it to F. Lowenburg in 1887; heirs of F. Lowenburg sold it to North Louisiana Land Company in 1889; North Louisiana Land Company sold it to Buckeye Stave Company in 1898; and Buckeye Stave Company sold it to Charles P. Taft, defendant herein, in 1905. We also find the S. E. % of the N. E. % of section 4, township 12, range 9, embraced in a deed from Block, Lowenburg, and Ullman to F. Lowenburg in 1887; in deed of heirs of F. Lowenburg to North Louisiana Land Company in 1889; and in deed of North Louisiana Land Company to Buckeye Stave Company, the immediate author of defendant’s title, in 1905.
Plaintiffs are without shadow of title to this property, or any part of same, claimed by them in this suit. The dation en paiement from Jabish Griffing and the tax sale of 1876 to the state of these lands cut off all their rights to the land in controversy, and left them without interest to bring this suit.
[9] Under Code of Practice, article 15, providing that an action can only be brought by one having a real and actual interest which he pursues, a person whose title to land has been divested by a valid sale to the state for taxes cannot attack the validity of a subsequent sale of land by the state. Quaker Realty Co. v. Labasse, 131 La. 997, 60 South. 661, Ann. Cas. 1914A, 1073 ; Quaker Realty Co. v. Purcell, 134 La. 1026, 64 South. 894 ; Marr v. Kane, 133 La. 629, 63 South. 246.
The plaintiffs, therefore, are without interest to attack the sale of this land by the state to Lemle in 1881 under Act No. 107 of 1880, and the sale by the state through its auditor of said property to the board of levee commissioners of the Tensas levee district *451 under Act No. 77 of 1888, nor can they complain of dual assessment, prior payment in part, of the taxes assessed upon the property in 1884, as a basis of attack upon the adjudication to the state in 1885 of a part of their property for delinquent taxes of 1884, under act No. 96 of 1882.
We, therefore, conclude that plaintiffs have no title to the property in dispute in this case, and that the defendant claimant is the owner of the land involved in this litigation.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the demand of plaintiffs be rejected and their suit dismissed at their cost.
O’NIELL, J., concurs in the result.