(92 South. 721)

No. 23746.

### COOPER v. EDWARDS.

(July 17, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Tenancy in common ☞20(1)—Upon purchase at tax sale, co-owners may pay their share and acquire their original interests.**

Where property is sold to one of its joint owners for delinquent taxes, the transaction may be regarded, so far as the co-owners are concerned, as a payment of the taxes, and each co-owner, even after the time for redemption, may be reinvested with the title for his original interest by paying his share of the price of the adjudication and of all subsequent taxes.

2. **Tenancy in common ☞20(1)—Right to pay share upon tax sale must be exercised within in reasonable time.**

The right of a co-owner of land sold for taxes to another co-owner to be reinvested with title upon payment of his share of the selling price and subsequent taxes rests on equitable considerations, and should be exercised within a reasonable time.

3. **Tenancy in common ☞43—Owner permitting tax title of co-owners to remain on record assumes risk of sale to innocent third party.**

Where a co-owner of land purchases it at a tax sale, another co-owner allowing the tax title to remain on the record assumes the risk that an innocent third party may buy the property from the holder of the tax title.

4. **Taxation ☞803—Tenancy in common ☞55(2½)—When co-owner purchasing at tax sale sold to another, latter's title held protected by prescription of three years.**

Where a tenant in common buying the land at tax sale sold it to a third party, the third party's title was protected by the prescription of three years, under Const. 1898, art. 233, relative to suits affecting tax titles.

5. **Taxation ☞803—Good or bad faith immaterial as to prescription in favor of tax title.**

The question of good or bad faith, founded upon ignorance or knowledge of facts not disclosed by the public records, has nothing to do with the plea of prescription of three years in favor of tax titles under Const. 1898, art. 233.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; W. S. Rownd, Judge.

Suit by Michael Hahn Cooper against Andrew M. Edwards. Judgment for defendant, and plaintiff appeals. Affirmed.

Clifford E. Hays, of Minden, and Guy J. Ray, of New Orleans, for appellant.

Reid & Reid, of Amite, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. Plaintiff appeals from a judgment rejecting his demand and dismissing his suit for seven-ninths interest in a tract of land in defendant's possession. The land is described as the S. ½ of S. W. ¼ and S. W. ¼ of S. E. ¼ of section 4, in township 7 south, range 9 east, and has an area of 121.56 acres. It belonged to Henry Cooper, who died previous to the year 1902, leaving nine heirs at law. In that year, the land, together with a tract having an area of 295.-24 acres, also belonging to the succession of Henry Cooper, was assessed for taxes in the name of estate of Henry Cooper. The taxes were not paid, and on the 25th of April, 1903, both tracts of land were sold for the delinquent taxes to Benjamin F. Cooper, one of the nine heirs of Henry Cooper. The tax deed was recorded on the 5th of June, 1903,

in the current conveyance record in the parish in which the land was situated. Benjamin F. Cooper sold the tract containing 121.56 acres to defendant, on the 28th of March, 1905, for $250, which was then considered an adequate price. It was stated in the deed that the land conveyed was a part of the land that Benjamin F. Cooper had bought for delinquent taxes assessed in the name of estate of Henry Cooper.

On the 27th of·June, 1916, plaintiff bought "all the rights, title and interest" of seven of the eight other heirs of the deceased Henry Cooper. It was stated in the deed that the price was $300 "cash in hand paid," but the fact is that plaintiff gave his promissory note for the $300, under a written agreement that he would sue to recover the land, at his own expense, and would not be required to pay the note if he failed in his suit for the land. This suit was filed two months later; and in his petition plaintiff alleged that the land was then worth $5,000. None of the heirs of Henry Cooper has ever offered to redeem the title or to pay the delinquent taxes for which the land was sold to Benjamin F. Cooper. He and his transferee, the defendant here, had paid taxes on the land for 14 years when this suit was filed; and the value of the land, because of the timber on it, had increased from $250 to $5,000, during defendant's ownership.

He pleaded, in defense of this suit:

(1) That .the coheirs who transferred to plaintiff whatever claim they had were not co-owners with Benjamin F. Cooper after he had bought the property·at the tax sale, but had then only the equitable right to redeem their title by paying, within a reasonable time, their share of the taxes which Benjamin F. Cooper had paid for and on the land; and that they had forfeited that right, by failing to pay their share of the taxes within a reasonable time.

(2) That the attack upon the tax sale to Benjamin F. Cooper was barred by the prescription of three years.

(3) That the suit was barred by the prescription of ten years, under article 3478 of the Civil Code.

(4) That, when the tax title stood in the name of Benjamin F. Cooper, the public records did not disclose any equity or outstanding claim in favor of the coheirs, from whom plaintiff claims title; and that the title which defendant acquired, on his faith in the public records, was not affected by the latent or unrecorded claims of the coheirs from whom plaintiff claims title.

[1-5] The district judge did not give written reasons for his judgment, except to say that the law and the evidence were in favor of the defendant. Our opinion is that the plea of prescription of three years, under article 233 of the Constitution of 1898 and of the Constitution of 1913 (retained as section 11 of article 10 of the Constitution of 1921), was and is a sufficient defense to this suit. When property is sold to one of its joint owners for delinquent taxes, the transaction may be regarded, as far as the co-owners are concerned, as a payment of the taxes, not as a transfer of an indefeasible title. Hake v. Lee & Beall, 106 La. 482, 31 South. 54; Bossier v. Herwig, 112 La. 539, 36 South. 557. Each co-owner, even after the expiration of the year that is allowed for any previous owner to redeem a title that has been divested by a tax sale, may be reinvested with the title for his original interest in the property, by paying his share of the price of the adjudication and of all taxes paid subsequently by the co-owner holding the tax title. But that right is not founded upon statute law; it is a result of equitable considerations, and should be exercised within a reasonable time. A tenant in common, whose property has been sold to a cotenant for delinquent taxes, is not allowed indefinitely to await developments and speculate upon the

value of the property, in comparison with the cost of redeeming it. Duson v. Roos, 123 La. 835, 49 South. 590, 131 Am. St. Rep. 375. As long as the original co-owner, under such circumstances, allows the tax title to remain on record, he assumes the risk that an innocent third party may buy the property from the holder of the tax title. Harris v. Natalbany Lumber Co., 119 La. 978, 44 South. 806; Vestal v. Producer's Oil Co., 135 La. 984, 66 South. 334. In each of those cases, it was decided that a third party, buying property from one who, being already the owner of an undivided interest in it, had bought the property for taxes assessed in the name of all of the co-owners, was protected by the prescription of three years. In Harris v. Natalbany Lumber Co., a tract of land assessed in the name of "estate of Packwood" was sold for taxes to George H. Packwood, one of the several heirs of the deceased Packwood; and George H. Packwood sold the land to the lumber company. The suit was brought against the lumber company by the other heirs of the deceased Packwood to recover their interest in the land. In deciding that the lumber company was an innocent third party and had therefore acquired an indefeasible title, the court assumed that the officers of the company were not aware of the kinship or co-ownership of the plaintiffs, with George H. Packwood, when the company bought the land. The court rested its presumption and ruling upon the fact that the plaintiffs' interest in the land, or their relationship to the deceased Packwood or to George H. Packwood, did not appear on the public records; and the court said that it was not necessary to decide whether the ruling should have been different if the officers of the lumber company had known of the relationship of the Packwood heirs when the company bought the land. In the case before us, the defendant, Edwards, did know of the relationship of the plaintiff's authors in title, to the deceased Henry Cooper, and to Benjamin F. Cooper, when defendant bought the land from him. Defendant was remotely related to the heirs of Henry Cooper and was personally acquainted with them. Whether his knowledge in that respect might affect the title he acquired from Benjamin F. Cooper, if it were not protected by the prescription of three years, is only an abstract question; because the title is protected by the prescription of three years. It is evidenced by a tax sale that has been duly recorded for a period exceeding three years, during which time the tax debtors, for whose taxes the property was sold, have not had possession of it. Under these conditions, according to the language of the Constitution, the tax sale was not subject to an action of annulment after three years, except for a dual assessment or for previous payment of the taxes for which the property was sold. There was no such ground of complaint in this case. The only complaint is that the purchaser of the property at the tax sale was already a part owner of it, and was therefore, like plaintiff's authors in title, a delinquent debtor for the taxes for which the property was sold. It was decided in each of the two cases last referred to, Harris v. Natalbany Lumber Co. and Vestal v. Producer's Oil Co., that an action to annul a tax sale, for the cause urged here, after the purchaser at the tax sale had transferred the property to a third party, was barred by the prescription of three years. It is true, in each of those cases, the court characterized the defendant as an innocent purchaser of the property, or a purchaser in good faith; but the question of good or bad faith—founded upon ignorance or knowledge of facts not disclosed by the public records—has nothing to do with the plea of prescription of three years, under article 233 of the Constitution of 1898 or of 1913, or section 11 of article 10 of the Constitution of 1921.

The judgment is affirmed at appellant's cost.