On the Merits.
 

 LAND, JJ
 

 In the year 1865, C. H. Lawrence, with several others, established a firm of commission merchants in the city of New Orleans.
 

 Wesly E. Lawrence, the youngest brother of C. H. Lawrence, became a member of this firm in the year 1881.
 

 C. H. Lawrence died in the year 1885, leaving a widow, Mrs. Isabelle Lawrence, plaintiff herein, and two sons, Willie H. and Ralph R Lawrence.
 

 Wesly E. Lawrence administered his brother’s estate, and the final account of his gestión filed in October, 1885, shows a fund of $18,846.60 to be distributed, in the sum of $4,-423.30 to Mrs. Isabelle Lawrence, widow of O. H. Lawrence, and in the sum of $7,211.65 each to the two minor sons of decedent.
 

 Upon the settlement of her husband’s estate, Mrs. Isabelle Lawrence invested $17,000 in the firm of O. H. Lawrence & Co., and received in consideration therefor two notes of $8,500 each, signed by C. H. Lawrence & Co., and indorsed by Wesly E. Lawrence, the head of the firm.
 

 These notes were extended or renewed from time to time, and interest was paid on same monthly up to February 1st, 1925; but on February 23, 1925, petitioner was notified that no further payments.would be made, and the present suit was then filed.
 

 At the date of the institution of this suit, Wesly E. Lawrence, indorser on both of these notes, was dead. His surviving widow in community had been placed in possession' of one half of his estate as owner, and of the other half as usufructuary. The five forced heirs of decedent, including Everett G. Lawrence, defendant herein, had accepted his succession purely and simply,- had been recognized as his sole heirs, and had been decreed to be the owners, subject to the widow’s usufruct, of an undivided one-tenth interest each of all the property left them by their father.
 

 The two notes sued upon are dated respectively May 1, 1905, and May 1, 1906. Each note is for the sum of $8,500, is payable thirty days “after sight,” and “at 6% per annum, payable monthly,” the word “interest” being omitted.
 

 
 *596
 
 Plaintiff alleges that defendant, Everett G. Lawrence, was a member of the commercial partnership of O. H. Lawrence & Co., that he withdrew from the partnership, thereby dissolving it, and that, as a former member of the partnership, defendant is liable for thé whole amount of the notes, the sum of $17,-000, with interest at 6 per cent, per annum from February 1, 1925 until paid.
 

 In the alternative, plaintiff alleges that defendant is liable to her in the sum of $3,400, or his virile share, by reason of the fact that defendant is one of the five forced heirs of Wesly É. Lawrence, who had accepted his succession unconditionally. ' '
 

 Judgment was rendered in the lower court in favor of plaintiff in the sum of $3,400, with interest at the rate of 6 per cent, per annum from February 1, 1925 until paid.
 

 1. From this judgment defendant has appealed. Plaintiff, however, has neither appealed from the judgment, nor answered the appeal and prayed that her main demand for $17,000 be considered .and granted in .this court.. The reason for this is apparent, since the evidence offered in the lower court to prove that defendant was a member of the late firm of C. H. Lawrence & .Co. was purely hearsay, and wholly insufficient to establish defendant’s connection with the firm as a. former member.
 

 2. Since the record shows that defendant accepted the succession of Wesly E. Lawrence purely and simply, he became bound as heir for his virile part, or one-fifth of the $17,000, due plaintiff by his deceased father, Wesly E. Lawrence, as indorser on the two notes.
 

 It is well settled that an heir who accepts the succession unconditionally, that is, without the benefit of .inventory, thereby binds himself for the debts or obligations of the deceased person, the same as if he himself .had contracted them. Rev. Oiv. Code, arts. 1013 and 1428; Berry v. Wagner, 151 La. 472, 91 So. 837; Grilling v. Taft, 151 La. 442, 91 So. 832.
 

 3. The prescription of five years pleaded by defendant is without avail, since monthly interest on each note had been paid, and payment indorsed thereon, .from May, 1905, up to January 1, 1925, and the present suit was filed on April 9, 1925. The payment of interest on a promissory note interrupts prescription. Canal Bank & Trust Co. v. Bank of Ascension, 140. La. 465, 73 So. 269.
 

 4.. These interest payments were made by Wesly E. Lawrence during his lifetime, and by- defendant, Everett G. Lawrence, after the death of his father. Although the word “interest” is omitted from each note, the clause in each of them, “at 6% per annum, payable monthly,” has been interpreted by the parties to mean “monthly interest,” and interest each month has been paid. The parties'are necessarily bound by the construction which they themselves have placed upon this' clause in these notes. The defense that the notes did not bear interest is therefore without merit.
 

 5. Equally without foundation is the defense that the notes sued upon were held by plaintiff without any valuable considera-' tion.
 

 “Every negotiable instrument is deemed prima facie to have been issued for valuable consideration; and every person whose signature appears' thereon to have become a party thereto for value.”. Article 2, § 24, Negotiable Instruments Law, Act No. 64 of 1904.
 

 Besides, the evidence shows that the notes represent funds received by plaintiff from the estate of her husband-for herself and for her minor children, and which were invested by
 
 *598
 
 plaintiff in the firm of G. H. Lawrence & Co. In addition to this, the indebtedness on these notes has been repeatedly acknowledged to plaintiff by Wesly E. Lawrence and by the defendant in letters written by them to plaintiff:
 

 6. Equally futile is the defense that the payments made to plaintiff up to February 1, 1925, were mere gratuities, paid monthly to plaintiff by Wesly E. Lawrence, deceased father of defendant, through love and gratitude entertained by him for plaintiff, who was the widow of G. H. Lawrence, deceased brother and former partner of Wesly E; Lawrence.
 

 Numerous letters from Wesly E. Lawrence to plaintiff clearly state that he was using plaintiff’s money, extending the notes, and paying interest on the loans.
 

 In a letter to plaintiff from defendant, Everett G. Lawrence, of date May 27, 1919, defendant stated to plaintiff that all matters in which his father was interested would be taken care of in due time, that he would send “the interest” monthly, and that he inclosed check covering same.
 

 Also in another letter to plaintiff from de-. fendant, of date July 24, 1919, defendant stated to plaintiff that he would pay “the interest monthly,” or “we will issue new notes, if you desire.” Defendant also said in this letter; “Think I could arrange to take up one (note) in about 30 days, letting the other run, which, if you desired, I could arrange settlement within the year.”
 

 Again, in a letter to plaintiff from defendant of date January 27, 1920, defendant declared his intention to have the notes settled in due time, and that arrangements would be made whereby the first note would be -paid April, 1920, and possibly a reduction made on the second note.
 

 In addition to this, there is a statement on each of the notes sued upon, of date April 9, 1920, signed by the defendant, Everett G. Lawrence, and by his coheirs, to the effect that: “Said note has not been paid and this instrument is hereby entered in Part and Parcel into his estate.”
 

 It is clear, therefore, that these notes evidenced an indebtedness due by Wesly E. Lawrence to plaintiff, and that the monthly payments made were not gratuities, but were interest paid on the indebtedness.
 

 Plaintiff died during the pendency of this suit, and her heirs, William A. and Ralph R. Lawrence, were substituted as plaintiffs in her place and stead.
 

 Judgment affirmed.