934

## BUCHANAN. et al. v. PITTS.
### No. 695.

District Court, W. D. Louisiana, Shreveport Division.

Jan. 26, 1939.

Pike Hall, H. B. Barret, and Marion K. Smith, all of Shreveport, La., and Francis E. Wood, of Albuquerque, N. M., for complainants.

Wilkinson, Lewis & Wilkinson, G. T. Naff, F. L. Hargrove, E. S. Klein, and A. E. Bryson, all of Shreveport, La., for respondent.

DAWKINS, District Judge.

Plaintiffs brought this suit to recover a two-thirds interest in forty (40) acres of land in the highly productive Rodessa oil field of Caddo Parish.

The property, along with certain other acreage, had been purchased by another at tax sale, and the mother of plaintiffs employed the firm of Herndon & Herndon, attorneys, composed of E. B. Herndon and his son, E. B. Herndon, Jr., to recover from the tax purchaser. A written contract of employment was executed in which it was agreed that the attorneys should receive one-third of whatever was recovered and this agreement was later filed in the conveyance records of Caddo Parish. A final judgment in favor of plaintiffs' mother restored the title to her; whereupon, the attorneys wrote, advising her of this fact, but so far as the record shows, the letters were never received by her and there was likewise nothing to show that the firm ever received a reply. No formal conveyance of the one-third interest was ever made to the attorneys. Some three years after the judgment in favor of plaintiffs' mother became final, the property was again sold for taxes and bought in by E. B. Herndon, Sr. This purchase was made on the 16th day of July, 1914. More than three years elapsed, when, on December 23, 1917, Herndon sold the land to the defendant, Mrs. Mattie L. Pitts, for the sum of four hundred ($400) dollars, cash, which appears to have been its value at that time. Nothing was done by the plaintiffs or their mother, who died in 1931, to find out what had happened in the action to set aside the tax sale until shortly before the filing of this suit, on the 17th day of March, 1936, after oil had been discovered in the vicinity and the property had acquired great value, except there is evidence to the effect that the mother received a letter from the husband of plaintiff, the contents of which were not shown but one of the plaintiffs testified that upon its receipt, Mrs. Spearman had remarked that "all has been lost", supposedly referring to this property.

Plaintiffs have attacked both the purchase of Herndon at tax sale and the conveyance to the defendant, on the ground that he, having represented their mother in the tax suit under a recorded contract of employment, could not acquire or convey her two-thirds interest in the property. They further allege that the defendant was charged with notice of that relationship constructively, by the recordation of the contract of employment in the conveyance records, and actually by circumstances developed in the evidence.

Defendant has pleaded the prescription of three years under provisions of the Constitution (Art. 233 of the Constitution of 1913 and Sec. 11 of Art. 10 of the Constitution of 1921) in bar of the attack upon the tax title by Herndon, as well as the prescription of ten years acquirendi causa under Art. 3478 of the Louisiana Civil Code and laches or equitable estoppel.

Of course, if the pleaded constitutional bar of three years is good, it becomes unnecessary to consider the other defenses. Defendant contends that good or bad faith of the purchaser at a tax sale, under the

Louisiana jurisprudence, make no difference, as the constitutional provision expressly limits relief to instances where the taxes were paid before the sale or there was dual assessment. On the other hand, plaintiffs take the position that in this case the fiduciary relationship of attorney to his client renders inapplicable this provision of the Constitution; and that those who in turn acquire from the attorney with constructive or actual knowledge of the relationship occupy no better position.

In the case of Cooper v. Edwards, 152 La. 23, 92 So. 721, 723, the Supreme Court of Louisiana had occasion to consider the question of knowledge or good faith on the part of a third purchaser from one who had acquired the interest of his co-owners at a tax sale, where it affirmatively appeared that the third person knew of this circumstance, and, after reviewing the prior decisions, held that this made no difference, since upon the expiration of three years, where the purchaser went into possession, a tax title could be attacked only upon the two grounds of prior payment of taxes and dual assessment. It is true there did not exist the relationship of attorney and client as is claimed to have been true in the present case.

In the present case, the contract of employment of the attorneys was recorded in the conveyance records and specifically described the forty acres of land, but the fact of actual filing of the suit and its outcome, of course, do not appear in the conveyance records. In the case last cited it was said: "* * * But the question of good or bad faith—founded upon ignorance or knowledge of facts not disclosed by the public records—has nothing to do with the plea of prescription of three years, under article 233 of the Constitution of 1898 or of 1913, or section 11 of article 10 of the Constitution of 1921."

The "public records" mentioned unquestionably refers to the conveyance records and not the civil court records.

In Griffing v. Taft, 151 La. 442, 91 So. 832, 834, an attack was made upon the assessment, want of notice, etc., by the owner against the tax title, and the court had this to say: "Moreover, it is immaterial (for the purposes of prescription under article 233 of the Constitution of 1898) whether the assessment has been made in the name of one person, or another, or in

no name, or whether the owner, not in possession, has been *notified*, or whether the sale has been advertised or has not been advertised." (Italics by the writer).

It is, of course, the contention of plaintiffs in the present case that they did not know the property had been again assessed to their mother and bought in by Herndon for taxes, and therefore they could not avail themselves of the law which permits one co-owner, within the three year period, to treat a tax purchase by the other as a payment of taxes and to require a reconveyance of the interest owned before the sale. However, Griffing v. Taft, just cited, wherein the point was one of the principal issues, clearly establishes that these circumstances and all others, save the two specifically stated in the Constitution itself, are forever closed by the three-year period of preemption which is in effect a statute of repose. This last case was cited and the above excerpt approvingly quoted in the case of Harrell v. Harrell, 174 La. 957, 142 So. 138. There was also quoted with approval the following from Duson v. Roos, 123 La. 835, 49 So. 590, 131 Am.St.Rep. 375:

"After property has been sold at tax sale, however, the former owners of it cannot be compelled to redeem or reacquire it. Hence it is optional to take advantage or not of this doctrine by which a title acquired by one of the co-owners from the purchaser at tax sale inures to the benefit of the other co-owner. These other co-owners have the right to require their co-owner to make them title in the proportion of their former co-ownership; but this right is not founded upon any codal provision, but on mere equitable considerations, and, such being the case, must be exercised within a reasonable time or it will be lost. These other co-owners cannot sleep upon this right, await developments, to see whether the property will grow in value or not, and then exercise the rights or not, according to the event. He who seeks equity must do equity." [174 La. 957, 142 So. 141.]

See also Doiron v. Locke, Moore & Company, 165 La. 57, 115 So. 366 and authorities cited therein.

The defendant had been in possession of the property here purchased from Herndon for almost twenty years and there were some five producing wells upon it when this suit was brought.

My conclusion is that the plea of prescription of three years under the Constitution should be sustained and plaintiffs' demands rejected.

Proper decree should be presented.