## BUCHANAN v. PITTS.
### No. 9182.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1940.

Marion K. Smith and Pike Hall, both of Shreveport, La., and Francis E. Wood, of Albuquerque, N. M., for appellants.

W. Scott Wilkinson, of Shreveport, La., for appellee.

Before HOLMES and McCORD, Circuit Judges, and MIZE, District Judge.

MIZE, District Judge.

The appellants, Mrs. Lelia Spearman Buchanan and Nathan Spearman, are the children of Mrs. Ida P. Spearman, and the appellant, Velma Allene Lowery, is a daughter and the sole heir at law of Mrs. Velma Spearman Lowery, a deceased daughter of Mrs. Ida P. Spearman.

In January, 1884, Mrs. Ida P. Spearman acquired the SW¼ of SW¼ of Section 13, Township 23 North Range 16 West in Caddo Parish, Louisiana. She permitted this property to be sold for taxes in 1901 to one Noah Tyson, who thereafter conveyed the property to Marcus M. Spearman in 1904. Mrs. Ida P. Spearman, in September, 1910, by written contract employed the firm of Herndon & Herndon to file suit to set aside that tax sale, and provided in the contract that the firm of Herndon & Herndon should receive a one-third interest in said property if it was recovered. This firm of attorneys, being composed of E. B. Herndon and E. B. Herndon, Jr., filed suit and was successful in having the tax sale set aside on May 17, 1911. The property was again sold for taxes on July 16, 1914, and at this sale E. B. Herndon bought the property in his name and a tax deed was delivered to him, which was duly recorded in the records of conveyances in Caddo Parish, Louisiana, on July 23, 1914. E. B. Herndon conveyed the property on December 23, 1917, to Mrs. Mattie L. Pitts, the appellee, which deed was recorded on December 27, 1917, in the conveyance rec-

ords of Caddo Parish. Mrs. Spearman died in 1931 without having communicated with the firm of Herndon & Herndon and both members of this firm are now dead.

The appellants filed their bill on March 17, 1936, in which they prayed that the deed from E. B. Herndon to Mrs. Mattie L. Pitts of date December 23, 1917, be declared null and void in so far as it attempted to convey to the appellee the two-thirds interest in the property formerly owned by Mrs. Ida P. Spearman, and that the tax deed of date July 16, 1914, to E. B. Herndon be declared null and void and canceled as a cloud upon the title of complainants to an undivided two-thirds interest in said property. A supplemental bill was later filed, in which it was averred that after the employment of Herndon & Herndon their mother, Mrs. Ida P. Spearman, removed to Silver City, New Mexico, and that she received no communication whatever from her attorneys, no information as to the status of the litigation, nor did she know whether the suit had been won or lost; that their mother did not return to Louisiana after signing the contract with her attorneys, Herndon & Herndon, and that November, 1935 was the first occasion of the appellants to visit Louisiana, at which time they learned that the suit had been won; that E. B. Herndon died September 3, 1930, and E. B. Herndon, Jr., died January 26, 1936.

The defenses asserted by the appellee were:

1. That Mrs. Pitts bought the property upon the faith of the public records.

2. That her title was protected by the constitutional peremption of three years as regards tax titles.

3. That she acquired the property by the prescription of ten years acquirendi causa as a possessor in good faith.

4. That the appellants are estopped by their laches from asserting claim to the property.

It is the contention of the appellants:

1. That when E. B. Herndon purchased the property at the tax sale, he did so for the benefit of his cotenant, Mrs. Ida P. Spearman.

2. That an equitable trust resulted from the purchase by E. B. Herndon of his client's interest in the property.

3. That the appellee, Mrs. Mattie L. Pitts, had actual and constructive knowledge of the relationship existing between E. B. Herndon and Mrs. Ida P. Spearman, and therefore she acquired only a one-third interest in the property by conveyance from E. B. Herndon to her.

4. That the constitutional peremption in Louisiana of three years in bar of an attack on a tax title has no application when there is a breach of the fiduciary relationship.

5. That the doctrine of estoppel by laches was not applicable to the particular facts of this case.

The lower court sustained the defendant's plea of prescription of three years under the Louisiana constitution, which bars an attack upon a tax title after three years.

The property was sold by E. B. Herndon to the appellee for a consideration of $400, which was a fair and reasonable valuation of the property at the time of the sale. In 1935 oil was discovered in the vicinity of this property and it thereupon became valuable. Nothing whatever was done by the plaintiffs or by their mother to find out what had happened to the suit filed in 1910 to set aside the tax sale until shortly before the filing of the present suit and after oil had been discovered in the vicinity of the property. The conveyances were placed upon the public records of Caddo Parish and the appellee had been in actual possession of the property since 1917, a period of almost twenty years, and at the time the suit was filed there were five producing wells on it.

■ When property is bought at a tax sale by one cotenant, the other co-owners have the right under the Louisiana law to require their co-owner to make them title in proportion of their former co-ownership. This right is not founded upon any provisions of the code, but purely upon equitable considerations. One desiring to exercise this right must do so within a reasonable time or it will be lost. The law does not permit one co-owner to sleep upon his rights and await developments to see if the property will grow in value or not, but he must act within a reasonable time. Duson v. Roos, 123 La. 835, 49 So. 590, 131 Am.St.Rep. 375; Boutwell v. Gunter, La.App., 185 So. 690.

■ The grounds upon which a tax sale may be set aside after the expiration of the statutory period of three years are contained in Section 11 of Article 10 of

the Louisiana Constitution of 1921 and Article 233 of the Constitution of 1898. The only grounds upon which a tax sale may be annulled after the expiration of the three years period is the actual payment of the taxes or a dual assessment. This property being located in Louisiana, the decisions of the Louisiana court are binding upon this court. The Supreme Court of the State of Louisiana, in the case of Cooper v. Edwards, 152 La. 23, 92 So. 721, 722, has construed this provision of the constitution in a suit involving the rights between co-owners. In that case the court held that when the property was sold to one of its joint owners for delinquent taxes, the transaction might be regarded, so far as the co-owners were concerned, as a payment of the taxes, not as a transfer of an indefeasible title, and. that each co-owner may be reinvested with the title for his original interest in the property by paying his share of the price of adjudication of all taxes paid subsequently by the co-owner holding the tax title, but that right must be exercised within a reasonable time. The court said: "A tenant in common, whose property has been sold to a cotenant for delinquent taxes, is not allowed indefinitely to await developments and speculate upon the value of the property, in comparison with the cost of redeeming it. Duson v. Roos, 123 La. 835, 49 So. 590, 131 Am.St.Rep. 375. As long as the original co-owner, under such circumstances, allows the tax title to remain on record, he assumes the risk that an innocent third party may buy the property from. the holder of the tax title. Harris v. Natalbany Lumber Company, 119 La. 978, 44 So. 806; Vestal v. Producers' Oil Co., 135 La. 984, 66 So. 334. In each of those cases, it was decided that a third party, buying property from one who, being already the owner of an undivided interest in it, had bought the property for taxes assessed in the name of all of the co-owners, was protected by the prescription of three years. * * *

"Under these conditions, according to the language of the Constitution, the tax sale was not subject to an action of annulment after three years, except for a dual assessment or for previous payment of the taxes for which the property was sold. There was no such ground of complaint in this case. The only complaint is that the purchaser of the property at the tax sale was already a part owner of it, and was therefore, like plaintiff's authors in title, a delinquent debtor for the taxes for which the property was sold. It was decided in each of the two cases last referred to, Harris v. Natalbany Lumber Co. and Vestal v. Producers' Oil Co., that an action to annul a tax sale, for the cause urged here, after the purchaser at the tax sale had transferred the property to a third party, was barred by the prescription of three years. It is true, in each of those cases, the court characterized the defendant as an innocent purchaser of the property, or a purchaser in good faith; but the question of good faith or bad faith—founded upon ignorance or knowledge of facts not disclosed by the public records—has nothing to do with the plea of prescription of three years, under article 233 of the Constitution of 1898 or of 1913, or section 11 of article 10 of the Constitution of 1921."

See, also, Washington v. Filer, 127 La. 862, 54 So. 128; Doiron v. Lock, Moore & Co., 165 La. 57, 115 So. 366; Harrell v. Harrell, 174 La. 957, 965, 142 So. 138; Griffing v. Taft, 151 La. 442, 91 So. 832.

We are of the opinion that the plea of prescription of three years under the Louisiana Constitution was good and that the lower court was correct in so holding. The appellants likewise are barred by their laches. The tax conveyance to Herndon was voidable if timely application had been made. However, there was no attempt on his part, so far as this record shows, to perpetrate an actual fraud. It is true that time does not begin to run against the party on whom fraud has been committed until that fraud has been discovered, yet to avoid the lapse of time or statute of limitation, "the fraud must have been one which was concealed from the plaintiff by the defendant, or which was of such a character as necessarily implied concealment." Norris v. Haggin, 136 U.S. 386, 10 S.Ct. 942, 945, 34 L.Ed. 424. The Supreme Court of the United States in the case of Hanner v. Moulton, 138 U.S. 486, 11 S.Ct. 408, 34 L.Ed. 1032, held that an interval of nearly thirteen years having elapsed between the sale of the land certificate and the bringing suit to set aside the same, and the value of the land located thereunder had largely increased, the parties interested and witnesses having died, and no person now interested in

the land being implicated in the fraud alleged in the ground of relief, the plaintiffs were guilty of laches and could not have relief. In the instant case death has closed the lips of practically all the witnesses who knew the real facts; both the attorneys, Herndon and Herndon, are dead and their files throw very little light upon the transaction; Mrs. Ida P. Spearman is dead; A. C. Pitts, who was the husband of the appellee and was instrumental in several of the transactions, is dead. It is for this reason, among others, that the doctrine of laches is applied.

The judgment of the lower court in dismissing appellants' bill was correct and therefore is affirmed.