On Rehearing.
HAWTHORNE, Justice.
The Court of Appeal in this case sustained a plea of 10 years’ prescription acquirendi causa filed by plaintiffs, the widow and two sons of Shelly B. Boyet, recognized plaintiffs to be the owners of an undivided three-sevenths interest in the 10-acre tract involved in this suit, and recognized the Brushwood Methodist Church, defendant, to be the owner of an undivided four-sevenths interest. See Boyet v. Brushwood Methodist Church, La.App., 98 So.2d 593. On application of the church writs were granted by this court. On original hearing in this court we reversed and set aside the judgment of the Court of Appeal and reinstated the judgment of the district court which had recognized the church to be the owner of the entire tract.
The relevant facts are given in the opinion of the Court of Appeal and in our opinion on original hearing, and therefore need not be restated here.
As a basis of their prescriptive title to an undivided three-sevenths interest in the property plaintiffs, the Boyets, rely principally on two deeds. The first is the deed dated January 6, 1917, executed by D. Wes Boyet and Mrs. Cora B. Monzingo in favor of Shelly B. Boyet et al., in which the vendors conveyed to the vendees for $2,600 “ * * * all of our right, title and interest in and to the said estates and successions of our deceased father, Noel H. Boyet, and mother, Mary Ann Boyet, and each of our inheritance and interest in said estates and successions and to all and singular the rights and titles therein of whatsoever nature belonging * * * and especially •the property and lands described in judgment putting heirs of N. H. Boyet in posses *358 sion of property as set forth in judgment of record in Vol Conveyances Parish of Webster, La., No. 26, Pg 183 and page 184”. The judgment referred to in this deed decreed that the seven children of the deceased N. H. Boyet “ * * * be recognized as the sole and only heirs at law of their deceased father, Mr. N. H. Boyett, in equal proportions; and that as such they be sent and put in possession of all the property of every kind whatsoever, left by the said deceased, and particularly of the following described real estate, to-wit:
“List of Land of N. H. Boyett:
“The East Half of the Southeast Quarter of Section 24, Township 18, Range 9 except a small portion lying in the Southwest corner of the Southeast Quarter of the Southeast Quarter and one acre lying in extreme NE corner of NE}4 of SEj4 of Section 24 T 18 R 9 * * *.” (The 10-acre tract is included in the property so described.)
The second deed upon which plaintiffs principally rely is an act of sale dated August 7, 1920, made by the sheriff of the Parish of Webster, who, pursuant to an order of court, sold at public auction the property belonging to the succession of James B. Boyet. This act recites that the sheriff, in consideration of $2,444.01 in cash, conveyed to the firm of S. B. Boyet & Co. “one-fifth interest in 433 acres of land, more or less, described as follows:
“ * * * Ei/z of SE14 Sec. 24 T. 18 R. 9 * * (The 10 acres in dispute are within the lands here described.)
On original hearing, after announcing the principle of law that an adequate description of land conveyed is essential to establish the 10 years’ acquisitive prescription, we stated that the 1917 deed upon which plaintiffs rely as a basis of that prescription contained no description of the disputed property, but conveyed only such rights, titles, and interests as were then owned under the judgment of possession in the succession proceedings. We further stated that the reference in the deed to the judgment of possession for a true description of the rights, titles, and interests in the property conveyed by the deed should have been sufficient notice to have placed the vendees on their guard and to have caused them to examine all available acts evidencing the muniments of whatever rights they were acquiring. We held that plaintiffs, by failing to exercise this precaution, were in legal bad faith because an examination of the title would have shown that Noel Boyet had sold the contested property. In so holding we said:
“We necessarily conclude that two of the requirements of LSA-C.C. Article 3479, namely, legal good faith and a just and legally transferrable title, as a necessary basis for one acquiring immovables under the ten-year acquisitive prescription, have not been met.”
*360 Plaintiffs in application for rehearing stated that we failed to mention or discuss the sheriff’s deed of August 7, 1920, pleaded as a basis for prescription as to an undivided one-fifth interest, and that our holding that the 1917 Wes Boyet deed contained no adequate description of the property conveyed is contrary to the holding of this court in Cherami v. Cantrelle, 174 La. 995, 142 So. 150. Under this statement we granted the rehearing so that we might give further consideration to the entire case, and especially to the holding of the Court of Appeal overruling defendants’ plea of estoppel by warranty and sustaining plaintiffs’ plea of 10 years’ acquisitive prescription as to an undivided three-sevenths interest in the 10-acre tract.[1] A further consideration and study have convinced us that the defendants’ plea of estoppel by warranty has merit and should be sustained.
In 1887 Noel H. Boyet conveyed to the trustees of the Brushwood Methodist Episcopal Church the 10 acres here in dispute, and in this instrument Noel Boyet bound himself to “warrant and defend the above granted premises in the peaceful and quiet possession of the said party of the second part their successors in office against the lawful claim or claims of myself, my heirs, my executors or administrators * * *»_ Upon the death of Noel H. Boyet his seven children accepted his succession unconditionally and were recognized as his sole heirs. One of these children was Shelly B. Boyet, whose widow and sons are plaintiffs in this suit. When Shelly B. Boyet died, the plaintiffs accepted his succession unconditionally. In other words, the plaintiffs derive their title from Noel H. Boyet through Shelly B. Boyet.
Shelly Boyet and his brothers and sisters, having unconditionally accepted the succession of their father Noel H. Boyet, vendor of the property here in dispute, were bound by his warranty. The obligation of warranty descends to the heirs of the vendor, and one of its objects is the buyer’s peaceful possession of the thing sold; and heirs accepting the vendor’s succession are not in the situation of third parties. Griffing v. Taft (on rehearing), 151 La. 442, 451, 91 So. 832, 835; Cherami v. Cantrelle, 174 La. 995, 142 So. 150; Arnett v. Marshall, 210 La. 932, 28 So.2d 665, and numerous authorities cited; Louisiana Canal Co. v. Leger, 237 La. 936, 112 So.2d 667.
Plaintiffs, the Boyets, contend that they are successors by a particular title as to an undivided one-fifth and an undivided two-sevenths interest, and that under the deeds which conveyed these interests there was commenced a new and distinct possession which permitted them to prescribe for these interests in 10 years.
*362 Even if we concede that they are claiming the undivided interests under a particlular title, we do not think that this fact of itself renders valid their plea of 10 years’ acquisitive prescription. As stated previously, they are not third parties. See Gusman v. Berryman, Man.Unrep.Cas. 199; Griffing v. Taft, supra. The interests conveyed by these deeds are interests conveyed to Shelly B. Boyet by his coheirs, and coheirs cannot, merely by conveying from one to another the interests inherited from their father, release and discharge themselves from the obligation of warranty which they accepted when they accepted their father’s succession. This obligation of warranty is indivisible and extends to the entire interest conveyed by Noel Boyet to the church. In this connection in Griffing v. Taft, supra, we stated [151 La. 442, 91 So. 836]:
“In Gusman v. Berryman, Mr. Justice White, late Chief Justice of the Supreme Court of the United States, said, referring to the plaintiff in the case:
“ ‘Could he be successful in ousting his mother, he and his coheirs would be her warrantors, and hence the doctrine “Quem de evictione tenet actio eundem agentem repellet exceptio” is fatal to his pretensions. He claims that he has a new title. Grant it. His new title comes from his coheirs, and he cannot undo as an actor that which he would be compelled to make good as a warrantor. Even did he and his coheirs, and he through them, have a title emanating from a different source than their father, they could not be heard under such circumstances to destroy the very right they are bound to maintain.’ ”
The Court of Appeal in overruling defendants’ plea of estoppel by warranty relied on Succession of Zebriska, 119 La. 1076, 44 So. 893, and Frost Lumber Industries v. Harrison, 215 La. 767, 41 So.2d 674. In those cases this court was considering and dealing with the acquisitive prescription of 30 years. Under this prescription even a trespasser without any title can acquire ownership of property after 30 years’ adverse possession. Since no title is necessary for acquisition by the 30 years’ prescription, there cannot be any estoppel by warranty against those pleading this prescription. In such a case the 30-year possessor is in no way disputing the title of the record owner, but is averring only that he himself has acquired ownership solely by adverse possession for 30 years. In the instant case plaintiffs are pleading the 10 years’ acquisitive prescription and are asserting a title derived from Shelly Boyet’s coheirs, all of whom, as stated, were bound by their father’s warranty. The Zebriska and Frost cases, therefore, though full authority for the principle there announced, are not apposite in the instant case, and the Court of Appeal was in error in overruling defendants’ plea of estoppel by warranty.
*364 In our first opinion we found it unnecessary to discuss defendants’ plea of estoppel by warranty. Under these circumstances we are especially reserving to plaintiffs the right to apply for a second rehearing.
For the reasons assigned our previous decree setting aside the judgment of the Court of Appeal and reinstating the judgment of the district court at plaintiffs’ costs is reinstated and made the judgment of this court.

. Under this plea of reseription the Boyets should have claimed a % plus a % or a i%5, interest in the property, but through error they asked for %.