SAVOY, Judge.
Defendants appeal from a judgment of the district court confirming a tax sale in favor of plaintiffs.
Plaintiffs instituted the instant suit alleging that on June 6, 1959, they purchased *846 tlie property described in the instant case at a tax sale and received title to the property by tax deed dated June 8, 1959. They are now seeking to confirm and quiet the tax sale as provided for by LSA-R.S. 47 2228, which provides the method of confirming tax sales.
The defendants filed a general denial, and then assuming the position of plaintiffs-in-reconvention, allege that the defendants-in-reconvention (the Jacobs) purchased the property in dispute as the disguised representatives of J. L. Calhoun; that Calhoun deliberately arranged for and permitted said tax sale for the purpose of perfecting his title to said property; that the Jacobs have never been in possession of said property, but, on the contrary, Calhoun has exercised the exclusive control and possession of said property since the foreclosure suit in 1958. Plaintiffs-in-re-convention prayed that the tax sale be declared null and void, and that they be recognized each as the owners of an undivided one-fourth interest in the subject property.
By supplemental answer and reconven-tional demand plaintiffs-in-reconvention alleged that Calhoun deliberately used the tax sale as a means of donating title to said property to his daughter, Maudine Jacobs, and that said tax sale was a donation in disguise since Calhoun paid the purchase price necessary to receive title resulting from the tax sale; that prior to the tax sale Calhoun and the Jacobs had personal knowledge that John and Mattie Metcalfe owned an undivided interest in the property, and used the tax sale to divest them of their ownership in the property.
After a trial on the merits the district judge, without assigning written reasons, confirmed the tax sale and dismissed the reconventional demand. This appeal followed.
The record reveals that in 1958 the property in this case was owned in indivisión by J. L. Calhoun and the defendants, the latter as heirs of Armistead Metcalfe. In 1958 the property was assessed in the name of Willie Metcalfe. The taxes for that year were not paid, and in 1959, Calhoun bought the property and another parcel of land, paid for both purchases, and directed the sheriff to transfer title to said tracts to his daughter, Maudine Jacobs, who, together with her husband, is a plaintiff in the instant case.
The record also shows that Calhoun was the actual purchaser at the tax sale. He went to the sale, paid the sheriff the consideration, went into possession of the property immediately after the sale, and has remained in possession of the property since that time.
Counsel for appellants contend that the tax sale should be annulled for the following reasons: (1) the provisions of Article 10, Section 11 of the Louisiana Constitution of 1921, providing that a tax sale cannot be set aside after the lapse of five years peremptive period applies only to a bona-fide sale and has no application to a simulated or fraudulent sale, citing as some of his authorities for this proposition of law Chelette v. Chelette (La.App., 2 Cir., 1945), 5 So.2d 553; and Williams v. Watts (La. App., 2 Cir., 1940), 195 So. 54; (2) payment of taxes by a co-owner at a tax sale is payment on behalf of all other co-owners, and, consequently, a tax deed taken by said co-owner, or executed in favor of some other person at the request of the purchasing co-owner, cannot serve as a basis for the five year constitutional peremptive period, and the other co-owner may have his ownership recognized and restored at any time within a reasonable period, unless the rights of some innocent third party have intervened, citing, among others, the case of Atlantic Refining Company v. Golson (La.App., 2 Cir., 1961), 127 So.2d 341.
On the other hand, counsel for appellees contends that the cases cited by counsel for appellants are not applicable for the reason that no fraud or simulation was shown in the instant case, nor is there any question of co-ownership involved herein since the vendee, Maudine Jacobs, did not own *847 any interest in the subject property prior to the tax sale. Counsel relies principally on the pleaded constitutional peremption of five years provided for by Article 10, Section 11 of the Louisiana Constitution of 1921, and the jurisprudence of this State, which prevents annulment of a tax sale, with certain exceptions, unless the action to set aside the sale is brought within five years from the date of the recordation of the tax sale, citing King v. Moresi, 223 La. 54, 64 So.2d 841; Staring v. Grace (La. App., 1 Cir., 1957), 97 So.2d 669; and Resweber v. Jacob (La.App., 3 Cir., 1960), 125 So.2d 241.
Article 10, Section 11 of the Louisiana Constitution of 1921 provides in part:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice óf sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * *»
In the case of Atlantic Refining Company v. Golson, supra, the Court said:
“ * * * It is now the well settled law of our state that the adjudication to one of several joint owners of property adjudicated at a tax sale does not divest the other co-owners of their interest in the property. The tax sale only operates as a payment of the taxes for the joint benefit of all of the co-owners, with the right on the part of the adjudicatee to be reimbursed the amount he paid. Bossier v. Herwig et al., 1904, 112 La. 539, 36 So. 557; Murphy v. Murphy, 1914, 136 La. 17, 66 So. 382. However, it has also been held that the right of the co-owners to become reinvested with title upon reimbursing the other co-owners of his share of the taxes is a right that must be exercised within a reasonable time, and if not exercised within such reasonable time, and third parties acquire an interest in the property on the strength of the recorded tax title without any knowledge of the equitable interest of the co-owners to become reinvested in his title, or reimbursing his co-owner for the taxes paid by him, such third person will be protected, and can plead the per-emption provided for in Article 10, Section 11, of the Constitution against the attack on the tax sale. Cooper v. Edwards, 1922, 152 La. 23, 92 So. 721.”
See also Robertson v. Grigsby (La.App., 2 Cir., 1949), 41 So.2d 860, and cases cited therein to the same effect.
We therefore conclude that the payment of taxes by Calhoun at the tax sale on June 6, 1959, was for the benefit of himself and the co-owners, the Metcalfes; and that he did not acquire title to the interest owned by said Metcalfes; that the plea of peremption or prescription under Article 10, Section 11 of the Louisiana Constitution of 1921 is not a valid defense to this suit; and the tax sale of June 6, 1959, is hereby declared to be null and void insofar as it purports to divest the defendants of their interest in the property; reserving to Mr. Calhoun the right to reimbursement from defendants for all taxes paid.
For the reasons assigned the judgment of the district court is hereby reversed and set aside, and judgment is rendered in favor of defendants, Mattie Metcalfe and John Metcalfe, and against plaintiffs, J. T. Jacobs, Jr. and Maudine Jacobs, decreeing the tax sale of June 6, 1959, and the tax deed of June 8, 1959, to be null and void insofar as it purports to divest the defendants, the Metcalfes, of their interest in the property, reserving to Mr. Calhoun the right to reimbursement from defendants for all taxes paid. Plaintiffs to pay all costs of this proceeding.
Reversed and rendered.