BARHAM, Justice
(concurring).
I do not believe the majority’s holding in regard to a need to show affinity, intent, and design to establish co-ownership, ownership in indivisión, is a correct statement of the law. Undivided interests in property, in and of themselves, constitute co-ownership, ownership in indivisión. Partition is the proceeding by which one terminates this status.- ■ •
Neither do I agree with the majority’s conclusion as to the effect of separate assessments of co-owners’ interests. However, I would maintain the exception of no right of action on the ground of peremption under Article 10, Section 11, of the Constitution ‘ of 1921, since the present owner of the property, Jeanerette Lumber '& Shingle Co., Ltd.,* and its lesseei Shell are third parties entitled to rely upon the public records and to claim the benefit of the peremption under Cooper v. Edwards, 152 La. 23, 92 So. 721 (1922), and the cases which follow that legal theory.
For these reasons I concur only in the result.

 The co-owners who in 1S90 purchased the interests of the plaintiffs’ ancestors in title at tax sale transferred those interests to Jeanerette Lumber & Shingle Co., Ltd., in 1894, in" exchange for stock. That company was incorporated under Act 36 of 1888 and was entitled to status as an entity separate and apart from its incorporators and stockholders.