41 So.2d 674

**FROST LUMBER INDUSTRIES, Inc. v. HARRISON et al. (HARRISON, Intervenor).**

No. 39053.

May 31, 1949.

Harvey G. Fields, Farmerville, for plaintiff-applicant.

J. R. Dawkins, G. H. Holloway, Farmerville, for defendants-intervenor, and appellant.

McCALEB, Justice.

This is an action for a partition of an eighty acre tract of land located in Union Parish which was acquired in 1901 by a colored man named Andy Harrison during the existence of his marriage with Mariah Harrison. Andy Harrison died intestate in 1905, being survived by his widow and several children. Upon his death, a one-half interest in the tract devolved upon Mariah, as widow in community, and she also became vested with the usufruct of the other undivided one-half which was inherited by the children from their father. On November 21st, 1913, Mariah Harrison sold, by warranty deed, her undivided one-half interest in the tract to Wallace Clark Mercantile Company. On November 30th, 1920, the Mercantile Company (a copartnership) conveyed the one-half interest to Frost-Johnson Lumber Company which subsequently became Frost Lumber Industries, Inc. The latter, on September 20th, 1946, alleging that it is owner of an undivided one-half interest in the tract, instituted this suit against the heirs and legal representatives of Andy Harrison to effect a partition by licitation.

The defendants resisted the demand by denying that plaintiff is their co-owner. They averred that the deed from Mariah Harrison (their mother and grandmother) to Wallace Clark Mercantile Company was never executed by her and that, therefore, she owns the land in indivision with them. Mariah Harrison intervened, disclaiming plaintiff's ownership by denying that she transferred her half interest in the tract to plaintiff's vendor. Alternatively, she pleaded the prescription of thirty years, acquirendi causa, alleging that, since October 21st, 1913 (the date of the deed to Wallace Clark Mercantile Company), she has remained continuously in actual corporeal possession of the tract as owner.

After a hearing in the District Court on the issues above stated, there was judgment

for plaintiff and the intervention of Mariah Harrison was dismissed. She, alone, appealed to the Court of Appeal for the Second Circuit, where the judgment was reversed on the ground that Mariah Harrison had reacquired title to an undivided one-half interest in the land by prescription of thirty years adverse possession. See 35 So. 2d 832. We granted certiorari.[1]

The primary contention of Mariah Harrison that she did not execute the deed in favor of plaintiff's vendor was not sustained at the trial in the district court; it was abandoned in the Court of Appeal and her counsel have acknowledged here that it is no longer an issue in the case.

The Court of Appeal believed that, since Mariah Harrison remained in possession of the tract[2] continuously from the date of the sale of her undivided one-half interest to plaintiff's vendor, she had reacquired the interest by the prescription of thirty years. In support of its position, it was stated that the fact that Mariah sold her interest to plaintiff's vendor with warranty did not preclude her from reacquiring a prescriptive title by adverse possession under the rulings of this Court in Roe v. Bundy's Heirs, 45 La.Ann. 398, 12 So. 759 and Succession of Zebriska, 119 La. 1076, 44 So.

893. Therefore it concluded that, inasmuch as Article 3488 of the Civil Code provided that " * * * a person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another", the plea of prescription was well founded.

It is, of course, ordinarily true that one in possession of property is presumed to hold as owner. But this presumption does not obtain where it appears that the possessor has sold the property and has remained in possession by the sufferance of his vendee. Nor does the presumption apply to a case like this, where the vendor was entitled to retain precarious possession as usufructuary of her children, who were co-owners of an undivided one-half interest in the tract.

And while it is also well recognized in our jurisprudence that there is no legal obstacle which prevents a vendor from reacquiring a prescriptive title to the property he has sold, Roe v. Bundy's Heirs and Succession of Zebriska, supra (relied on by the Court of Appeal), are cogent authority for the proposition that such a vendor, who has continued in possession following the sale, must establish as a fact that he possessed as owner—for, in the absence of any

[1] During the pendency of the matter here, Mariah Harrison died. Her legal heirs and representatives have been substituted as parties in her place and stead in conformity with the rules of this Court.

[2] Counsel for plaintiff argues that the evidence does not sustain Mariah Harrison's possession. We, however, agree with the Court of Appeal that the proof amply establishes her actual corporeal possession.

evidence other than his retention of physical possession, he will be regarded as a precarious possessor for his vendee.[3] See Effie Dexter Arnold et al. v. Sun Oil Co. et al., —— So.2d ——,* No. 38,763 of the docket of this Court, handed down this day and authorities there cited.

█ But the conclusion here does not, perforce, depend upon the presumption that Mariah Harrison's possession, following the sale of her interest to plaintiff's vendor, was a precarious possession for her vendee. This is because she, as usufructuary of her children, was entitled to remain in physical possession of the tract until such time as her title as such was divested by a partition initiated by her vendee.[4] Prior to the sale, she possessed in a dual quality, i. e., as owner of an undivided one-half interest and, precariously, as usufructuary of her children. When she sold her undivided one-half interest, her physical possession remained unchanged but the quality of that possession was converted from its duality of owner and usufructuary to that of merely usufructuary. In these circumstances, she could not acquire by prescription as an adverse possessor without some overt act or notice by which her vendee could become apprised of the change in her quality as a precarious possessor.

In John T. Moore P. Co. v. Morgan's Louisiana & T. R. & S. S. Co., 126 La. 840, 53 So. 22, 34, the Court was confronted with the question of whether the owner of a servitude of right of way could acquire by the prescription of ten years, under a title from a third person, the property from the record owner without notice to the latter that he was no longer possessing precariously. In holding in the negative, the Court said:

"The precarious possessor who acquires a title from a third person, and desires no longer to hold precariously but animo domini, cannot content himself with simply continuing the old possession, without outward change, and rely simply upon the bare fact of his new title and of its registry to inaugurate a new possession. He must give

---

[3] In Roe v. Bundy's Heirs, 45 La.Ann. 398, 12 So. 759, it was held that, since Article 2475 of the Civil Code imposed upon the seller the obligation of delivery and Article 2468 obliged him to guard the thing as a faithful administrator until delivery, it was inescapable that, during the interval between sale and delivery, the detention of the vendor was that of his vendee and that the vendor's possession was precarious.

* Rehearing pending.

[4] The usufruct of the undivided one-half of the tract became vested in Mariah Harrison at the death of her husband under Article 916 of the Civil Code providing that the surviving spouse shall hold in usufruct "during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage."

775

some outward sign, of a nature to let the owner know of the intention to put an end to the old order and inaugurate the new. On this point the French commentators are agreed."

See also quotation from the Moore case contained in the opinion in Effie Dexter Arnold v. Sun Oil Co., supra, this day handed down and Liles v. Pitts, 145 La. 650, 82 So. 735.

Thus, in the case at bar, since Mariah Harrison, as usufructuary, was entitled to retain possession of the tract as long as her children and her vendee remained as owners in indivision, a presumption arose that her continued possession was precarious and she could not commence the running of prescription as an adverse possessor in the absence of an affirmative act on her part communicating to her vendee that her possession thenceforth would be in the quality as owner. It is not pretended or claimed here that there was any change in the quality of her possession and, hence, the plea of prescription of thirty years is not well founded.

The judgment of the Court of Appeal is therefore reversed and it is now ordered that the decree of the District Court be reinstated and affirmed.

O'NIELL, C. J., does not take part.

PONDER and MOISE, JJ., concur.