338 So.2d 350 (1976)
Kenneth DUTILE et al., Plaintiffs-Appellees,
v.
James AYMOND, Defendant-Appellant.
No. 5590.
Court of Appeal of Louisiana, Third Circuit.
September 29, 1976.
Rehearing Denied November 5, 1976.
Writ Refused January 7, 1977.
Kelly & Ware by Robert Salim, Natchitoches, for defendant-appellant.
Whitehead & McCoy by Charles R. Whitehead, Jr., Natchitoches, for plaintiff-appellee.
Before MILLER, WATSON and PETERS, JJ.
PETERS, Judge ad hoc.
This is a possessory action. Plaintiffs Kenneth Dutile and Willie Grappe purchased two tracts of land from the successions of W. H. Wallett and Emmie Ingram Wallett, one of which was the 74 acre tract here in dispute, on September 30, 1968. Prior to that time, Willie Grappe had lived on and farmed these tracts of land for approximately 26 years by virtue of a verbal lease with the Wallett family.
In 1953, Thaddis Jones purchased a tract adjoining the 74 acre tract leased by Wallett to Grappe. Several years later, Jones built a fence that roughly followed the property line separating his land from the Wallett land. The purpose of this fence was to keep Jones' cattle from straying. As a matter of convenience, Jones built this fence partly on the Wallett property. The portion of the Wallett property fenced in by Jones was not then being used by Grappe. After building the fence, Jones told Grappe he had put the fence partly on the Wallett property. Jones added that he would remove the fence whenever Grappe wanted to *351 use the land. Grappe never had any need for the fenced land so the fence remained where it was. The evidence clearly shows that Jones never made any claim of ownership to the portion of the 74 acre tract which he fenced, and he was allowed to use that portion only through the indulgence of Grappe.
On October 25, 1973, Jones sold his land to James Rex Fair. Fair testified that at the time of the sale, he believed he was purchasing up to the fence. Several months later, Jones told Fair that the fence was built partly on the Grappe-Dutile property. In early February, 1974, Fair sold the land to W. H. Franklin, and on February 26, 1974, Franklin conveyed the land to defendant James Aymond. Aymond testified he believed he was purchasing up to the fence. About one week after Aymond purchased the property, plaintiffs informed Aymond the fence was situated on plaintiff's property and they wanted Aymond to move it. Aymond refused and this suit was filed on October 22, 1974.
The lower court rendered judgment in favor of plaintiffs. We affirm.
Defendants contend the lower court erred, arguing that defendant's ancestor in title, Jones, had been in uninterrupted possession since building the fence sometime in the 1950's. This argument is untenable. The evidence clearly shows that Jones never held the property as owner, but rather used it solely through the acquiescence of Grappe. Jones never intended to possess as owner, and intended to use the fenced property only so long as this was agreeable to Grappe. Thus, Jones' use of the land for a number of years did not give him possession of the land, LSA-C.C. 3436, nor did it constitute a disturbance of possession, LSA-C.C. 3490; Whitney National Bank of New Orleans v. Munch (La.App.Orleans, 1956), 91 So.2d 144. In fact, because Jones was possessing through Grappe's permission, he was possessing the land for Grappe. LSA-C.C. 3490.
We need not decide which of Jones' successors in title disturbed the possession of Dutile and Grappe, or when such disturbance took place, because such disturbance certainly did not take place till at least October 25, 1973, this being the date Jones sold his land to Fair. This suit was filed on October 22, 1974, less than one year after the earliest date the disturbance could have taken place, and this suit therefore was instituted timely. LSA-C.C.P. 3658.
For the reasons assigned, the judgment of the lower court is affirmed at the cost of defendant-appellant.
Affirmed.
WATSON, J., concurs in the resultno manifest error.