FORET, Judge.
This appeal arises out of a boundary action brought by plaintiffs, Nellie Mae Merchant, Gerald James Merchant, and John G. Broussard, Jr., against defendants, Acadia-Vermilion Irrigation Company, Inc., Roi-Tex, Inc., and the City of Kaplan, Louisiana. By virtue of acquisitive prescription beyond title, plaintiffs, Nellie Mae Merchant and Gerald James Merchant, claimed ownership of a portion of two tracts of which defendants were record owners. Plaintiffs also sought damages for the disturbance of their possession and the destruction of fencing. Plaintiffs’ original petition named only Acadia-Vermilion Irrigation Company, Inc. as defendant. Following the filing of an exception of non-joinder of indispensable parties by Acadia-Vermilion, plaintiffs amended their petition to include Roi-Tex, Inc. and the City of Kaplan, as defendants. Defendant, Acadia-Vermilion, reconvened for damages. The issue of damages was severed, and, after trial on the merits, the trial court rendered judgment on the issue of ownership in favor of plaintiffs, Nellie Mae Merchant and Gerald James Merchant, recognizing their ownership of the disputed tract by virtue of acquisitive prescription and establishing the boundaries between plaintiffs’ and defendants’ property accordingly. Defendants, Acadia-Vermilion Irrigation Company, Inc. and Roi-Tex, Inc., appealed the decision of the trial court.
Defendants’ appeal raises several issues:
(1) Whether plaintiffs possessed the disputed tract as owners, because there existed a general understanding in the community that defendants allowed the use of their property by the owners of contiguous land;
(2) Whether plaintiffs’ possession was not as owners but only by the sufferance of defendants; and
(3) Whether plaintiffs failed to prove as a necessary element of acquisitive prescription that their possession had been within definite boundaries.
FACTS
The property owned by plaintiffs, Nellie Mae Merchant and Gerald James Merchant, has been in the Merchant family since 1911 when it was purchased by James William Merchant. For a number of years, the property has been farmed by tenants of the Merchants. The Merchant property is bordered on the south and west by property belonging to defendants, Acadia-Vermilion Irrigation Company, Inc. and Roi-Tex. Until recently, Acadia-Vermilion Irrigation Company, Inc. owned all this property and used it as part of a canal system for the irrigation of crops. In 1981, the canals were filled in and the tract of land which borders the Merchant property on the west was transferred to Roi-Tex. Plans were made to subdivide this property. Portions of the property were annexed into the City of Kaplan and public streets were dedicated. Soon thereafter, this suit was filed.
At trial of this matter, there was no dispute as to record ownership. The only matter in dispute was whether the Merchants acquired a portion of defendants’ property by virtue of acquisitive prescription beyond title. When the canals were in existence, each canal had a levee on both banks, but these levees were destroyed when the canals were filled in. The weight of the testimony was that, for over thirty years, the Merchants’ tenants had farmed and grazed cattle beyond the Merchants’ *1016 record title up to the toe of the levees on both the south and west boundaries. There was disagreement, however, over whether all of the property was enclosed by definite boundaries. Defendants introduced testimony indicating that at the time the canals were filled, and for some time prior thereto, there were no fences on the south boundary of the Merchant property, nor on a large portion of the west boundary. For their part, the Merchants introduced the testimony of witnesses who claimed to have seen all of the west boundary and part, if not all, of the east boundary enclosed by fences at various times during the last sixty years.
After trial on the merits, the trial court found that the Merchants and their predecessors in title had possessed all of the property up to the toe of the levee for more than sixty years and that this possession had been both open and notorious and within fixed boundaries. Accordingly, the trial court rendered judgment in favor of the Merchants, recognizing them as owners of the disputed tracts [1] and fixing the boundary in accordance with that determination.
GENERAL UNDERSTANDING IN THE COMMUNITY
Defendants contend that plaintiffs’ possession was defective because it was common knowledge in the community that defendant, Acadia-Vermilion Irrigation Company, Inc., and its predecessor corporations allowed the owners of contiguous land to use canal company land. In support of their position, defendants cite Verret v. Norwood, 311 So.2d 86 (La.App. 3 Cir.1975), writ denied, 313 So.2d 842 (La.1975). That case involved a dispute over the ownership of a parcel of land located in the Atchafalaya Basin. The court found that the possessor had not possessed as owner since all residents of the Basin knew that most of the land in the Basin, except for a few parcels which the owners had posted and patrolled, was available as homesites. In the present case, although defendants produced a number of witnesses who claimed knowledge of a policy of sufferance on the part of the canal company, all of these witnesses were employees or former employees of defendant canal company or its predecessors. There was no showing that all of the landowners were aware of this alleged policy of sufferance and, most importantly, there was no showing that plaintiffs were aware of it.
The testimony of defendants’ own witnesses showed that in some instances the canal company had given farmers permission to place fences on their land and use it for grazing. There was testimony that, “depending on where the property was the farmers might be afforded full or partial use of the canal strips.” (Testimony of Harold Mire.) This testimony suggests that it was necessary to obtain permission of the company to use its land and that the company would restrict the use according to its own needs. This exercise of control and the necessity, at least in some cases, of the landowners obtaining permission from the canal company, created a far different situation than that prevailing in Verret v. Norwood, supra.
POSSESSION BY SUFFERANCE
Defendants also contend that the Merchants could not acquire the disputed tracts by acquisitive prescription because they did not possess the tracts as owners, but only through the sufferance of defendants’ predecessors in title. In support of its position, defendants cite a number of cases. We have examined these cases and find them inapposite.
In all but one of these cases, the possessor knew that he was possessing with the sufferance of the owner, and there was, in effect, an agreement between the owner and possessor recognizing that the posses *1017 sor’s possession was only with the sufferance of the owner. In Briggs v. Pellerin, 428 So.2d 1087 (La.App. 1 Cir. 1983), there was testimony that the possessor had told the owner that he knew the fence between their properties was not on the property line, and that there had been an agreement just to let the fences stand as they were. In Dutile v. Aymond, 338 So.2d 350 (La.App. 3 Cir.1976), writ denied, 340 So.2d 998 (La.1977), the possessor told the owner’s lessee that he had put his fence partially on the property owner’s land and said he would remove it whenever he was requested to. In the Succession of Kemp v. Robertson, 316 So.2d 919 (La.App. 1 Cir.1975), writ denied, 320 So.2d 906 (La.1975), there was testimony that the possessor had admitted that she was possessing for someone else, and that she had asked the owner’s assistance in building a boat ramp on the disputed tract. Although it is not clear that the possessors in Collins v. Quinn, 366 So.2d 209 (La.App. 2 Cir.1978), knew they were possessing with the sufferance of the owner, there the possessors were the landowner’s vendors and members of the landowner’s family.
In the present case, the trial court found that there was no evidence that the Merchants knew that they were possessing with the sufferance of the canal company. There was no evidence that the Merchants ever sought out the canal company’s permission to use the disputed land or that the canal company ever gave its permission for such use. See Wm. T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333 (La.App. 3 Cir.1977). Surely, an owner’s mere knowledge that someone is possessing adverse to his ownership does not prevent the running of acquisitive prescription. We agree with the trial court that the Merchants possessed the disputed tracts as owners.
BOUNDARIES
One requisite for acquisitive prescription beyond title is possession within visible boundaries. Williams v. Peacock, 441 So.2d 57 (La.App. 3 Cir.1983); LeBlanc v. Laborde, 368 So.2d 1126 (La.App. 3 Cir.1979); William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977). Such a boundary need not be made up of fences. Any natural or artificial boundary, such as a painted line, that establishes with certainty the limits of possession is sufficient. A. Yiannopolous, Property, § 212 in 2 Louisiana Civil Law Treatise, 567 (2nd 1980). Still, the boundary must give definite notice of the character and extent of possession and fix with certainty the limits of that possession. Parham v. Maxwell, 222 La. 149, 62 So.2d 255 (1952); Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952).
In a boundary action, the boundary’s location is a question of fact, and the trial court’s determination in this regard should not be reversed on appeal in the absence of manifest error. Williams v. Peacock, supra; Simmons v. Toliver, 422 So.2d 729 (La.App. 3 Cir.1982). In the present case, the trial judge found that the boundary between the Merchants’ and defendants’ property was the toe of the levee as reconstructed by the Merchants’ survey- or. We find no error in this determination.
At the time of trial, there was a fence along approximately half of the western boundary of the Merchants’ property. This fence was at the toe of the canal’s east levee. As to the rest of the boundary, there was a dispute as to the presence of fences. There was testimony that the property was entirely enclosed by fences from the late 20’s until 1932. There was also testimony by plaintiff, Gerald Merchant, that he remembered a fence running all along the western boundary and along at least a portion of the southern boundary from the early 1940’s to the early 1950’s. There was some testimony indicating that the fence on the south boundary might have been in the canal for some period of time. We are satisfied, however, as was the trial court, that the Merchants proved that they and their predecessors had possessed at least up to the toe of the levee on the south boundary. The evidence also supports the trial court’s finding that the Merchants and their predecessors in title *1018 had possessed up to the toe of the levee on the west boundary of their property. The evidence showed that the tenants of the Merchants and their predecessors had raised crops and grazed cattle up to this point for more than thirty years. We agree with the trial court that the toe of the levee provided an adequate boundary for the purpose of acquisitive prescription. As we said above, for the purposes of acquisitive prescription, a boundary need not be made up of fences. All that is required is that it give definite notice of the character and extent of possession, and fix with certainty the limits of that possession. Parham v. Maxwell, supra; Hill v. Richey, supra.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be paid by defendants-appellants.
AFFIRMED.

. The tracts include a strip of land on the western boundary of plaintiffs’ property, measuring approximately 13.6 feet in width and 1,257.85 feet in length, a strip on the southern boundary measuring approximately 47.3 feet in width and 1,122.11 feet in length, and a small triangular piece of land located at the southwest corner where the two strips meet, all totalling about 87,000 square feet (about 2 acres).