HALL, Chief Judge.
In 1982, plaintiffs, the apparent record title holders to a 22-acre tract of land in Lincoln Parish described as follows:
The West twenty-six (26) acres of the NW ¼ of the SE ⅝, Section 18, T19N-R2W, less four (4) acres in the SW corner;
brought this action in trespass against defendant, Robert R. Howard, an adjacent property owner, and sought an injunction prohibiting defendant from trespassing upon the property. Defendant reconvened against plaintiffs asserting his ownership of the property based on 30 years acquisitive prescription.
The trial court concluded that although defendant had been in actual possession of the property for 30 years, his possession was precarious and not as owner. The trial court granted plaintiffs an injunction against further trespass by defendant, but found that the plaintiffs had not suffered any actual damage due to defendant’s use of the property and refused to award damages.
Defendant appealed asserting that he and his father before him possessed the property as owner for more than 30 years and thereby acquired ownership of the property through acquisitive prescription. The issues presented are:
1. Whether Robert Howard possessed the disputed tract as owner; and,
2. Whether Robert Howard is entitled to tack his possession to that of his father Ross Howard.
For the reasons set forth herein, we affirm the judgment of the trial court.
Defendant’s grandfather, R.F. Howard, owned approximately 323 acres of land in Lincoln Parish including the 22-acre tract forming the subject matter of this litigation. R.F. Howard died in 1936. Six Howard children including Ross B. Howard and Elizabeth Howard Harris Curry partitioned the Lincoln Parish property in 1944. By virtue of the partition, Elizabeth Curry acquired the disputed 22-acre tract while Ross Howard acquired 14 acres lying to the east and 7 acres lying to the north of the disputed tract.
A.K. Goff, Jr., R.Y.D. Rabb and W.E. McBride purchased the 22-acre tract and other property from the heirs of Elizabeth Curry by a series of transactions from 1947 through 1950. Plaintiffs in this suit are A.K. Goff, Jr., Florence Perritt Rabb Feaz-el, widow of R.Y.D. Rabb, the descendants of R.V.D. Rabb, and the descendants of W.E. McBride. Their record title to the property is not disputed in this case. Defendant is Robert R. Howard, son of Ross Howard, who has no record title to the property in dispute.
Ross built his home around 1921 on the 14-acre tract lying to the east of the disputed tract. Both Ross and Robert grazed their cattle on the pasture portion of the disputed tract and built and maintained fences on various parts of the disputed tract. Ross raised com, cotton, cane and other crops on the land and Robert planted crops for a couple of years. Ross grew a vegetable garden on the property which was used for several years by Robert and his sister, Arzona Howard Bryant. Ross built a pond which lies partially on the disputed tract. Robert planted grass and harvested hay for his cattle every year since the early 1950’s.
Although Robert has sold timber from the 7-acre tract adjacent to the disputed property, he has never sold or cut timber from the disputed tract except for firewood. In fact, when the timber on the 7-acre tract was last cut, the woodcutters stopped cutting at the property line of the disputed tract. Robert claims that he had instructed the woodcutters to cut the bug-damaged trees on the disputed tract, but they were stopped by a survey crew from cutting farther than the property line. In 1979, Robert leased a portion of the disputed tract to Arkla Gas Company to be used for a meter station. None of the property taxes on the disputed tract were ever paid by Robert.
*1308 Around 1950, Ross built a new home also on the 14-acre tract closer to the eastern boundary of the disputed tract than the original home. In 1952, Robert and his wife moved into Ross’s old home. Ross died in 1967. In 1968, Robert, four of his six siblings, and Leslie Otwell Howard, their mother and Ross’s widow, executed a ratification of the 1944 partition agreement executed by Ross, his siblings and Leslie Otwell Howard. The ratification was necessitated by the possible invalidity of the 1944 partition, to which Leslie Howard was a party, due to the then existing prohibition against a husband and wife contracting with each other during the marriage. The following is an excerpt from the 1968 agreement:
WHEREAS, Ross B. Howard died on December 2, 1967, leaving a will under the terms of which his widow, Leslie Otwell Howard, received a one-fourth interest and his seven children received a three-fourths interest in the tract allotted to him in the partition, all as disclosed by proceedings in the Succession of Ross B. Howard, Docket No. 4220 of the Probate Docket of the Third Judicial District Court for Lincoln Parish, Louisiana, and
WHEREAS, it is recognized that the validity of the partition is in question because of the fact that Ross B. Howard and his wife, Leslie Otwell Howard, were parties thereto and, under the laws of the State of Louisiana, a husband and wife are prohibited from contracting with each other so long as the marriage continues,
NOW, THEREFORE, being satisfied with the property received by Ross B. Howard in the partition, we, Leslie Ot-well Howard, widow of Ross B. Howard, and Aretta Howard Barmore, Harold J. Howard, William H. Howard, Robert R. Howard, Arzona Howard Bryant, Lorraine Howard Hester and Fannie Mae Howard Todd, children of Ross B. Howard, do by these presents expressly ratify and confirm that certain Act of Partition executed on various dates in March, 1944, and recorded in Conveyance Book 21 at page 497, Records of Lincoln Parish, Louisiana, and adopt the same as our own act and deed, it being intended that the same shall be as effective as to our interests as though said partition had been executed following the death of Ross B. Howard and we had joined therein as signatory parties. (Emphasis added.)
The record evidence supports the trial court’s finding that defendant and his father had been in corporeal possession of the disputed tract since the 1944 partition. However, acquisitive prescription does not run in favor of a precarious possessor, or his universal successor, who is presumed to possess for another although he may intend to possess for himself. LSA-C.C. Arts. 3477 and 3438. The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession. LSA-C.C. Art. 3437. One is presumed to intend to possess as owner unless he began to possess in the name of and for another. LSA-C.C. Art. 3427.
The retention of possession by a vendor makes him the presumed precarious possessor for his vendee. Frost Lumber Industries, Inc. v. Harrison, 215 La. 767, 41 So.2d 674 (1949); Succession of Zebriska, 119 La. 1076, 44 So. 893 (1907); Roe v. Bundy’s Heirs, 45 La.Ann. 398, 12 So. 759 (1893); James Harvey Ramsey Estate, Inc. v. Pace, 467 So.2d 1202 (La.App. 2d Cir. 1985). By virtue of the 1944 partition agreement transferring full ownership of the disputed tract to Elizabeth Curry, Ross Howard, as a party thereto, warranted the peaceful possession of the property to Elizabeth Curry similar to the warranty given by a vendor to his vendee. LSA-C.C. Art. 1384. It follows that retention of possession by a former co-owner makes him the presumed precarious possessor for the other former co-owner who by virtue of the partition has become owner in full of a specified parcel. Thus, Ross Howard and his universal successor, Robert Howard, were presumed to be the precarious possessors of the disputed tract. Additionally, acknowledgment of an adverse title in another establishes the intent to possess precariously. Maddox v. Vanlangendonck, 334 So.2d 739 (La.App. 3d Cir.1976). W.J. Gayle & Sons, Inc. v. Deperrodil, 300 So.2d 599 (La.App. 3d Cir.1974); see also *1309 LSA-C.C. Art. 3464. Both the 1944 partition and the 1968 ratification were acknowledgments of an adverse title held by Elizabeth Curry and her successors in title. Because both Ross and Robert were precarious possessors, their possession could not ripen into ownership. Whether possession may be tacked as provided for in LSA-C.C. Art. 3442 is of no consequence.
Any precarious possessor or his universal successor, other than a co-owner, may commence to prescribe when he gives actual notice to the person on whose behalf he is possessing that he intends to possess for himself. LSA-C.C. Art. 3478.[1] There is no evidence on the record to indicate that Ross Howard gave actual notice to Elizabeth Curry or her successors that he intended to possess for himself, and Robert Howard admitted at trial that he had never made an assertion of ownership of the disputed tract because he believed himself to be the owner and found it unnecessary to assert his ownership thereof. Since neither Ross nor Robert Howard ever gave sufficient notice to plaintiffs or their ancestors in title of their intent to possess the disputed tract as owner, acquisitive prescription never commenced in favor of either one.
Defendant cites Minton v. Whitworth, 393 So.2d 294 (La.App. 1st Cir.1980) to support his argument that the partition agreement constituted notice to the former co-owners, including plaintiff’s ancestor in title Elizabeth Curry, that the subsequent possession by Ross Howard was adverse to their interest. Minton stands for the proposition that a partition constitutes notice to the other co-owners of adverse possession when the possessing co-owner possesses the property he acquired by virtue of the partition. The reverse situation is presented by the instant case which a co-owner attempts to rely on the partition to give notice of his adverse possession of a tract conveyed to another co-owner. The holding of Minton is not applicable here.
DECREE
The judgment of the trial court in favor of plaintiffs and against defendant, Robert R. Howard, prohibiting defendant from further trespassing on the property located in Lincoln Parish described as follows, to wit:
The West twenty-six (26) acres of the NW Vi of the SE lk, Section 18, T19N-R2W, less four (4) acres in the SW corner;
and ordering defendant to remove his livestock and cattle from the aforementioned property, is affirmed.
AFFIRMED.

. The Civil Code articles on prescription were revised by Act 187 of 1982 effective January 1, 1983. Only the new articles have been cited in this opinion because with one possible exception, the new articles cited herein produced no changes in the law. Although the official revision comments to new Article 3478 (old Article 3512) state that the new article does not change the law, the requirement that a precarious possessor must give actual notice to the person on whose behalf he is possessing that he intends to possess for himself in order for prescription to begin to accrue may be more stringent than the notice required under the old law. See Note, Working with the New Civil Code Property Scheme: The 1982 Book III Revision, 43 La.L. Rev. 1077, 1092 (1983); Symeonides, One Hundred Footnotes to the New Law of Possession and Acquisitive Prescription, 44 La.L.Rev. 69, 85 (1983); Symeonides, Property, 46 La.L.Rev. 655, 680 (1986). However, the actions of Ross and Robert Howard were insufficient to give notice of their adverse possession under either standard; therefore, we would reach the same result regardless of whether Article 3478 effected a change in the law as it applies to precarious possessors other than co-owners.