# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1291

JOHN WALTER BOUDREAUX

VERSUS

PAUL CHRISTOPHER CUMMINGS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 96600
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

Amy, J., dissents and assigns reasons.

Bernard Francis Duhon
Attorney at Law
P. O. Box 1169
Abbeville, LA 70511-1169
(337) 893-5066
COUNSEL FOR PLAINTIFF APPELLEE:
    John Walter Boudreaux

**Kenneth O'Neil Privat**
**Attorney at Law**
**P. O. Drawer 449**
**Crowley, LA 70527-0449**
**(337) 783-7142**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Paul Christopher Cummings**

**SAUNDERS, Judge.**

This is an adverse possession case in which Plaintiff seeks recognition of a right to use a right of way crossing his neighbor's land, and an injunction prohibiting his neighbor from disturbing his use of the right of way. The trial court found Plaintiff had acquired a predial servitude over the right of way through acquisitive prescription and entered judgment in favor of Plaintiff. Defendant appeals. For the reasons discussed herein, we affirm.

FACTS AND PROCEDURAL HISTORY

It is uncontested that the Boudreaux family, the ancestors in title of Plaintiff, John Walter Boudreaux (hereinafter "Boudreaux"), began using a right of way to cross the neighboring property in 1948. In 1969, the ancestor in title of Defendant Paul Christopher Cummings (hereinafter "Cummings") asked Boudreaux to move the right of way. Boudreaux complied and continued using the right of way until 2012, when Cummings locked it. Boudreaux sued, claiming a right to continued use of the right of way. Cummings moved for summary judgment, which the trial court denied on June 26, 2013, finding issues of material fact remained.

A trial on the merits was held on July 8, 2013, where the trial court entered judgment in favor of Boudreaux, recognizing a fifty-foot-wide predial servitude and granting a permanent injunction prohibiting Cummings from obstructing the right of way. The trial court assigned reasons for judgment orally from the bench, noting that Boudreaux had maintained uninterrupted possession for more than 30 years, and that the servitude was apparent, given "varying testimony that there was a road there, that the grass was mowed," and the fact that the right of way was consistently clear for passage.

Cummings now appeals the trial court's judgment.

ASSIGNMENTS OF ERROR

1. The Trial Court committed reversible error in finding that a precarious possessor was entitled to a predial servitude based on 10 and 30 years' prescription period.

2. The Trial Court committed reversible error in granting a predial servitude to one estate over another estate when the estate was not land locked.

LAW AND ANALYSIS

A trial court's factual determinations are subject to the manifest error standard of review, meaning they may not be overturned unless they are found on appeal to be "manifestly erroneous" or "clearly wrong." *Rosell v. ESCO,* 549 So.2d 840 (La.1989).

Louisiana Civil Code Article 742 states as follows:

The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.

Furthermore, La.Civ.Code art. 722 states: "Predial servitudes are established by all acts by which immovables may be transferred. Delivery of the act of transfer or use of the right by the owner of the dominant estate constitutes tradition."

Precarious possession is defined in La.Civ.Code art. 3437, which states, "The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession."

On appeal, Cummings urges us to apply *Delacroix Corp. v. Perez*, 98-2447, p. 5 (La.App. 4 Cir. 11/8/00, 794 So.2d 862, 886 *writ denied*, 00-3245 (La. 1/26/01), 782 So.2d 635, in which the fourth circuit explained, "Acquisitive prescription does not run in favor of a precarious possessor or his universal successor, who is presumed to possess for another although he may intend to

2

possess for himself. La. C.C. arts. 3477, 3438; *Nugent v. Franks,* 471 So.2d 816 (La.App. 2 Cir.1985); *Feazel v. Howard,* 511 So.2d 1306 (La.App. 2 Cir.), *writ denied,* 514 So.2d 456 (La.1987)." The fourth circuit found in that case that whether the possessor possessed the property with the consent of or on behalf of its owner was a necessary consideration to determine whether the possessor had acquired a right through acquisitive prescription. The court noted:

> The intent to possess as owner cannot be covert and must be express. Although it may be implied if there is open, notorious, public, continuous and uninterrupted possession, which has to be to the exclusion of the owners, there must be strong evidence that gives the owner some notice that his property is in jeopardy. *Armstrong v. Armstrong,* 493 So.2d 253 (La.App. 3 Cir.), *writ denied,* 496 So.2d 353 (La.1986).

*Id.* at 869.

On appeal, Cummings argues that Boudreaux was a precarious possessor, and as such was unable to acquire a right of use to the right of way through acquisitive prescription. Whether Boudreaux possessed the right of way as a precarious possessor is an issue of fact to which the manifest-error standard applies. *See Bossier v. Shell Oil Co.*, 430 So.2d 771 (La.App. 5 Cir. 1983). In the instant case, we find there was adequate evidence for the trial court to conclude that Boudreaux was using the right of way on his own behalf rather than as a precarious possessor, under the manifest-error standard. Furthermore, we find the trial court did not commit manifest error in finding the servitude to be apparent and to meet the elements of acquisitive prescription as set forth above. The record contains sufficient evidence to show Boudreaux acquired a servitude. Boudreaux testified that for more than thirty years he and his family have "passed through [the right of way] with farm equipment, hay wagons, personal trips across there to go vote and go to the store and visit people." Boudreaux testified that he and his ancestors in title used the right of way "throughout the year" each year. Jesse Duhon, who cut

3

Boudreaux's crops along with his family in a longstanding relationship that predated 1969, testified that he and his family used the right of way to get to the Boudreaux property. Freddie Duhon also testified that the Duhon family used the right of way to get to and from Boudreaux's property in order to cut crops on Boudreaux's land. He also testified that, to his knowledge, Cummings's ancestors in title knew of the Duhons' use of the right of way to get to and from the Boudreaux property. Joseph Schexnaider, a land surveyor, testified that he believed Cummings's ancestors in title were aware that the Boudreauxs were using the right of way. Given the trial court's discretion in assessing the credibility of witnesses' testimony, we find this evidence is sufficient to show the elements of acquisitive prescription have been met.

Cummings further asserts that, because Boudreaux's estate is not an enclosed estate, Boudreaux is not entitled to a predial servitude. We do not agree. While it is true that if Boudreaux's estate were enclosed, La.Civ.Code art. 689 would apply to grant him a right of passage, the trial court did not find that Boudreaux had acquired a predial servitude on the grounds that his estate was an enclosed estate under Article 689. The trial court found that Boudreaux had acquired the servitude on the grounds of acquisitive prescription under Article 742. Therefore, we need only limit our discussion to this ground.

CONCLUSION

For the foregoing reasons we affirm the trial court's judgment. All costs of this appeal are assessed to Defendant, Paul C. Cummings.

**AFFIRMED.**

4

NUMBER 13-1291

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

JOHN WALTER BOUDREAUX

VERSUS

PAUL CHRISTOPHER CUMMINGS

AMY, J., dissenting.

I respectfully dissent from the majority opinion as I conclude that the judgment establishing the predial servitude must be reversed.

This case pointedly inquires whether the Louisiana Civil Code articles regarding precarious possession are applicable to a party attempting to acquire a predial servitude via acquisitive prescription. In my opinion, those articles are applicable.

As pointed out by the plaintiff, La.Civ.Code art. 722 (emphasis added) provides that:

> Predial servitudes are established by all acts by which immovables may be transferred. Delivery of the act of transfer or *use of the right by the owner of the dominant estate constitutes tradition.*

However, as I appreciate this case, the plaintiff is only now attempting to establish that right by acquisitive prescription. Notably, the plaintiff has not otherwise established the right either by authentic act or by act under private signature. *See* La.Civ.Code art. 1839 (providing that "a transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath."). *See also* La.Civ.Code art. 740 (providing that "[a]pparent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription.").

Otherwise, La.Civ.Code art. 742 broadly provides that: "The laws governing acquisitive prescription of immovable property apply to apparent servitudes." I find nothing in the Civil Code that removes the requirement of adverse possession from those seeking to establish a predial servitude by acquisitive prescription, as in this case. Instead, La.Civ.Code art. 3437 provides that: "The exercise of possession of a thing with the permission of or on behalf of the owner or possessor is precarious possession." In turn, La.Civ.Code art. 3477 provides: "Acquisitive prescription does not run in favor of a precarious possessor or his universal successor."

While the plaintiff argues that La.Civ.Code art. 3437 is inapplicable to acquisitive prescription of a predial servitude as the Article relates to "possession of a thing" and the plaintiff is attempting to establish possession of a "right," I do not find this distinction helpful in light of La.Civ.Code art. 742's provision that the laws of acquisitive prescription are applicable to apparent servitudes. *See also* La.Civ.Code art. 470 (classifying a predial servitude as an incorporeal immovable); La.Civ.Code art. 448 (referencing an immovable as a type of "thing").

Jurisprudence offers little guidance in support of either interpretation. *But see* La.Civ.Code art. 3437, comment (b) (stating that: "According to civilian tradition and modern civil codes, there is a clear distinction between possession and detention. Possession is the exercise of physical acts of use, enjoyment, or detention over a thing with the intent to own it; detention or precarious possession is the exercise of factual authority over a thing with the permission of or on behalf of the owner or possession. The precarious possessor . . . does *not* intend to own the thing he detains.") *See also* 4 A. N. Yiannopoulas, La. Civ. L. Treatise, Predial Servitudes § 6.35 (4th ed.)(wherein Chapter 6, entitled "Conventional Servitudes: Creation by Title, Acquisitive Prescription and Destination[,]" explains that the requisite possession for acquisitive prescription "must be an unauthorized use that

2

infringes on the ownership of the servient estate. One who merely exercises a right has nothing to prescribe."). *See also Id.* at § 6.36 (discussing precarious possession within the creation of servitudes context and stating that: "Thus, one who uses a servitude of passage by virtue of a lease granted to him by the owner of the dominant estate may not acquire by prescription the servitude of passage for himself, and one who uses an aqueduct with the express or tact permission of the owner of the estate on which the aqueduct is located may not, by prescription, acquire a servitude of aqueduct.").

For these reasons, I find that the concept of precarious possession is applicable to this situation involving acquisitive prescription of a predial servitude. Further, based on the facts in this record, I think it is clear that the plaintiff had permissive use of the passage. Trial testimony established, not only the defendant's ancestor-in-title's seeming acceptance of that passage, but the ancestor-in-title's own use thereof. At one point, the ancestor-in-title requested that the gate be moved to another point on the property. The plaintiff moved the gate as requested and notably did so using materials provided by the ancestor-in-title. Additionally, third parties accessed both parties' property through the gate, doing so for their own purposes. Given this evidence of what I consider to be permissive possession, I find that the plaintiff did not satisfy his burden of proving existence of the servitude by acquisitive prescription.

For these reasons, I would reverse the trial court's ruling.